DENNIS-YARMOUTH REGIONAL SCHOOL COMMITTEE[1] *vs.*
DENNIS TEACHERS ASSOCIATION & others.[2]

Barnstable.    December 8, 1976. — March 8, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, &
WILKINS, JJ.

*Arbitration.  School and School Committee.  Contract,* Collective bar-
gaining  contract.  *Municipal  Corporations,*  Collective  bargaining.
*Labor.*

Although an arbitration proceeding between a school committee and a
teachers association under a collective bargaining agreement had not
been concluded on its merits, the question of the arbitrability of the
grievance was properly submitted by the school committee for con-
sideration in the Superior Court pursuant to G. L. c. 150C, § 2 (*b*).
[119-120]
The decision of a school committee not to renew a nontenured teacher's
contract was not subject to review and redetermination in arbitra-
tion proceedings under a collective bargaining agreement [120];
however, the question whether the committee's alleged failure to
follow certain evaluation procedures constituted an arbitrable issue
under the agreement was subject to arbitration proceedings [120].

CIVIL ACTION commenced in the Superior Court on July
30, 1975.
The case was heard by *Lynch,* J.

---

[1] The regional school committee came into existence on July 1, 1975,
as a successor to the school committees in Dennis and Yarmouth. We
shall refer to the school committee of Dennis and the regional school
committee as it is chronologically appropriate.

[2] The other defendants are (1) Dennis-Yarmouth Regional Teachers
Association and certain officers of the Dennis Teachers Association and
of the Dennis-Yarmouth Regional Teachers Association, individually
and as representatives of their respective associations, and (2) the re-
gional director of the Boston office of the American Arbitration Asso-
ciation, in his official capacity. The action was dismissed as to the
regional director who has not participated in this proceeding. That
dismissal is not challenged on appeal. The remaining defendants will.
be referred to collectively as the association.

372 Mass. 116                                                    117

Dennis-Yarmouth Regional School Comm. *v.* Dennis Teachers Ass'n.

The Supreme Judicial Court granted a request for direct appellate review.

*Charles M. Healy, III, (Brian A. Riley* with him) for the defendants.

*Joseph W. Ambash* for the plaintiff.

*Austin Broadhurst & Philip S. Lapatin,* for the Massachusetts Association of School Committees, amicus curiae, submitted a brief.

WILKINS, J.    This is the second of three cases we decide today relating to the collective bargaining rights of a nontenured teacher who has received a notice of nonrenewal of employment. Although the case presents a somewhat different procedural posture from *School Comm. of Danvers* v. *Tyman, ante,* 106 (1977), the substantive questions are not significantly different.

The association argued that the nonrenewal of the contract of a nontenured teacher could be the subject of arbitration under the collective bargaining agreement between the school committee of Dennis and the association. The judge rejected that argument. For the reasons we have expressed in our opinion in *School Comm. of Danvers* v. *Tyman, supra* at 111-112, we agree with his conclusion that the decision not to renew the contract of the nontenured teacher could not be the subject of final and binding arbitration. However, it appears that a claim of arbitration was made at least in part on the basis of the school committee's failure to follow its contractual obligations concerning teacher evaluation procedures and the maintenance of teacher files. In this respect the grievances sought to be arbitrated are similar to those pressed in *School Comm. of Danvers* v. *Tyman, supra,* and, for the reasons we expressed there, we conclude that arbitration of an asserted failure of a school committee to adhere to its contractual obligations in these respects is permissible. Accordingly, the judgment in favor of the regional school committee, which is more fully described below, must be modified.

In July, 1971, the school committee of Dennis elected

Mary E. Malloy to serve as an elementary schoolteacher for the school year 1971-1972. Her contract was renewed for the two succeeding school years. On April 11, 1974, she was informed by letter that she would not be reappointed for the 1974-1975 school year. If she had been reappointed, she would have acquired tenure pursuant to G. L. c. 71, § 41. Malloy filed a grievance alleging that the school committee had violated certain portions of the collective bargaining agreement between the school committee and the association and sought renewal of her contract and back pay. The school committee responded that the failure to renew Malloy's contract was not a grievance recognized under the collective bargaining agreement. In January, 1975, the association demanded arbitration; an arbitrator was appointed in March, 1975; and a hearing was held before him in April, 1975.

The association and the school committee stipulated that the issue before the arbitrator was: "Is the dispute the Association seeks to arbitrate on the merits, which involves the non-renewal of Miss Malloy, a non-tenure teacher, a grievance, and if so, is it arbitrable?" In the stipulation the association represented that "[o]n the merits the Association will ask the Arbitrator to interpret and apply Article III, Sections E and F and determine whether such Sections were violated, and if he finds violations to determine what remedy shall be applied."[3] The arbitrator in making his award in June, 1975, passed on the question of arbitrability, which was the only issue argued before him. In his analysis, he focused solely on the question whether nonrenewal of the contract of a non-tenured teacher was a proper subject of arbitration under the collective bargaining agreement, and he concluded that it was. He gave no consideration to the question whether the school committee's failure to follow the agreement in

---

[3] Article III E of the agreement describes circumstances in which teacher files are to be maintained, giving a teacher notice of the filing of derogatory material, and the right to respond. Article III F sets forth procedures for the evaluation of teacher performance.

372 Mass. 116                                                    119

Dennis-Yarmouth Regional School Comm. *v.* Dennis Teachers Ass'n.

maintaining teacher files or in conducting teacher evaluations was a proper subject of arbitration.[4]

On July 30, 1975, the regional school committee filed a complaint in which it sought to vacate the arbitrator's award, to stay further arbitration, to enjoin enforcement of the award, and to obtain a declaration that it had no obligation to arbitrate its nonrenewal of Malloy's contract. The matter was not submitted for decision for almost a year. In August, 1976, the judge filed a detailed memorandum of decision in which he agreed with the regional school committee. A judgment was entered that day substantially as requested in the regional school committee's complaint. We granted the association's application for direct appellate review of its appeal from that judgment.

The association first contends that the school committee sought judicial relief prematurely. It argues that the arbitration proceeding must be concluded on its merits before the question of the arbitrability of the grievance may be submitted for consideration in the Superior Court. This proposition does not comport with the plain language of G. L. c. 150C, § 2 (*b*), inserted by St. 1959, c. 546, § 1. Section 2 (*b*) authorizes a Superior Court judge to stay an arbitration proceeding, either commenced or threatened, if he finds "(2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration...." For the purposes of G. L. c. 150C, § 2 (*b*), we regard an agreement to arbitrate a dispute which lawfully cannot be the subject of arbitration as equivalent to the absence of a controversy covered by the provision for arbitration. Because the judge concluded, as matter of law, that the dispute was not a controversy which could be covered by a provision for arbitration, his decision to stay further arbitration concerning the nonrenewal of Malloy's contract was consistent with his statutory authority. An appeal from such an order is author-

---

[4] The agreement provided that the interpretation, as well as the application, of any provision of the contract was subject to arbitration. Thus the meaning of the agreement was for the arbitrator to decide.

120 372 Mass. 116

Dennis-Yarmouth Regional School Comm. *v.* Dennis Teachers Ass'n.

ized by G. L. c. 150C, § 16 (2). See *School Comm. of Agawam* v. *Agawam Educ. Ass'n,* 371 Mass. 845, 846 (1977). Thus, as the judge correctly ruled, judicial relief was not sought prematurely.

As we have indicated, the judge was correct in concluding that the decision of the school committee not to renew Malloy's contract was not subject to review and redetermination in arbitration proceedings. Consequently, his decision to vacate the award which expressed a contrary view was correct. We need not decide whether the parties agreed to submit the question of Malloy's tenure to arbitration (a point which would be for the arbitrator in any event) because, even if they did so agree, the school committee would not be bound by an agreement to arbitrate its tenure decision. *School Comm. of Danvers* v. *Tyman, supra* at 112-113.

On the other hand, as we have said, the alleged failure to follow certain practices agreed to by the school committee is arguably a grievance under the terms of the collective bargaining agreement. The question of the arbitrability of these asserted grievances properly may be submitted to an arbitrator and, if the arbitrator concludes that the issue is arbitrable, he may pass on the question whether the school committee adhered to 'its obligations. If any violation is found, relief may be granted within the scope indicated in our opinions in *School Comm. of Danvers* v. *Tyman, supra* at 114, and *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Ass'n, post,* 125-127.

The judgment must be modified. Those portions which (a) vacate the award, (b) permanently enjoin its enforcement, (c) declare that the association does not have any right to have the nonrenewal of Malloy's contract of employment submitted to arbitration, (d) dismiss the action as to the director of the regional office of the American Arbitration Association, and (e) deny costs to either party may stand. However, the portion of the judgment staying all further arbitration proceedings is vacated and a new judgment shall be entered ordering further arbitration of

372 Mass. 121                                                121

the association's claim for arbitration of grievances expressed on behalf of Mary E. Malloy in connection with arts. III E and F of the collective bargaining agreement. See G. L. c. 150C, § 2 (b).

