SCHOOL COMMITTEE OF LYNNFIELD vs. ARNOLD S. TRACHTMAN & others.[1]
December 17, 1981. We granted the plaintiff School Committee of
Lynnfield's (committee) application for further appellate review to con-
sider whether an arbitrator's award of $5,737 (the difference between
what the defendant was actually paid and what he would have been paid
as a full-time teacher for the 1977-1978 school year) to a teacher (Tracht-
man), whose position had been partially eliminated, exceeded the scope of
the arbitrator's authority.[2]

The Appeals Court determined that the collective bargaining agree-
ment contained provisions concerning "wages, hours, and other terms and
conditions of employment" (matters which may be subjects of collective
bargaining), G. L. c. 150E, § 6, inserted by St. 1973, c. 1078, § 2
(formerly G. L. c. 149, § 178I), and upheld the arbitrator's award of
money damages. *School Comm. of Lynnfield* v. *Trachtman*, 11 Mass.
App. Ct. 524, 529-530 (1981). There was no error. "[T]he abolition of
an employee's position, *his transfer to a lesser position*, and reduction of
his salary involved his 'wages, hours and other conditions of employment'
within the meaning of [G. L. c. 150E, § 6]" (emphasis supplied). *School
Comm. of Braintree* v. *Raymond*, 369 Mass. 686, 690 (1976). We con-
clude that the arbitrator's award of compensation "was within his pow-
ers, and it is separable from his unauthorized determination that" the
committee's decision was arbitrable. *Id.* at 691. See *Trustees of Boston &
Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 386, 390
(1973). See also Grunebaum, Labor Law, 1976 Ann. Survey Mass. Law
157, 168. Since the award of compensation for a single year does not have
the effect of compelling reinstatement to a full-time teaching position, it
was not error for the Appeals Court to uphold the arbitrator's award.
*School Comm. of New Bedford* v. *New Bedford Educators Ass'n*, 9 Mass.
App. Ct. 793, 802-803 (1980). Cf. *School Comm. of Braintree* v. *Ray-
mond, supra* at 690; *Doherty* v. *School Comm. of Boston*, 363 Mass. 885
(1973).

In this court the committee argues that the award should be vacated
because the collective bargaining agreement at issue had terminated prior
to the effective date of the reduction. See *School Comm. of Hanover* v.
*Curry*, 369 Mass. 683 (1976). The committee argues this fact for the first

---

[1] The other defendants are the Lynnfield Teachers Association, and six named
officers and representatives of the association.

[2] The Appeals Court concluded that the portion of the arbitrator's award which
determined that the committee could not partially eliminate a staff position exceed-
ed the arbitrator's authority. *School Comm. of Lynnfield* v. *Trachtman*, 11 Mass.
App. Ct. 524, 527-529 (1981). On further appellate review both parties concede
the correctness of that determination. We agree and do not discuss this issue. See
*Ford* v. *Flaherty*, 364 Mass. 382, 385, 386-387 (1973). Cf. *Tobin* v. *Commissioner
of Banks*, 377 Mass. 909 (1979).

time on further appellate review.[3]  This it may not do.  Additional facts cannot be added to the record in the appellate court.  See *Harvard* v. *Maxant*, 360 Mass. 432, 437 (1971); *Coonce* v. *Coonce*, 356 Mass. 690, 693 (1970); *Gorey* v. *Guarente*, 303 Mass. 569, 570 (1939), and cases cited.  See also Mass. R. A. P. 16 (a)(4), as amended, 367 Mass. 919 (1975).  Nevertheless, the committee concedes that the agreement covering the 1977-1978 school year is "identical" with the prior agreement on this issue.  We express the view that the result reached by the Appeals Court is correct.  See *School Comm. of Braintree* v. *Raymond, supra.*[4]

·The order of the Superior Court confirming the arbitration award is to be modified to strike from the award the provision that the committee violated the contract by partially eliminating the position.  Judgment is to be entered confirming the award as modified.

*So ordered.*

*Henry G. Stewart* for the plaintiff.
*Charles M. Healey, III*, for the defendants.

_____

[3] The committee devoted a single sentence in a footnote to this issue in its Appeals Court brief.  "[I]t is doubtful whether [that footnote] complies with the rule that the argument in an appellant's brief 'shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on.'  Mass. R. A. P. 16 (a)(4), [as amended, 367 Mass. 919 (1975)]."  *Beaton* v. *Land Court*, 367 Mass. 385, 389 (1975).  See *Manchester* v. *Department of Environmental Quality Eng'r*, 381 Mass. 208, 214 n.7 (1980); *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958).

[4] The committee has not requested that we reconsider that portion of *Raymond* entitled "Loss of compensation."  See *School Comm. of Braintree* v. *Raymond*, 369 Mass. 686, 690-691 (1976).