SCHOOL COMMITTEE OF HOLBROOK vs. HOLBROOK EDUCATION
ASSOCIATION.

Norfolk.  May 8, 1985. — August 12, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Arbitration*, Authority of arbitrator, School committee. *School and School
Committee*, Collective bargaining, Termination of employment, Ap-
pointment to vacant position. *Damages*, Mitigation.

So much of an arbitrator's award as directed a school committee to recall
a physical education teacher, who had been laid off from her position,
and to appoint her to a vacant position as school adjustment counselor,
a position in which she had never served before and for which she lacked
the requisite statutory approval, improperly intruded into an area reserved
for the judgment of the school committee regarding educational policy,
and was unenforceable. [654-656]

An arbitrator's award of damages to a laid-off physical education teacher
equal to a year's back pay and associated benefits, based on his finding
that the school committee had violated the recall provisions of the col-
lective bargaining agreement by failing to offer the teacher the vacant
position of school adjustment counselor, was separable and enforceable
apart from a portion of the arbitrator's award held to have been an
improper intrusion into an area reserved for the judgment of the school
committee. [657]

A claim that an arbitrator's award of damages was excessive because
the arbitrator failed to apply the doctrine of mitigation of damages
amounted to a claim of error of law and, as such, was not subject to
review. [658]

CIVIL ACTION commenced in the Superior Court Department
on August 25, 1982.

The case was heard by *John P. Forte*, J., sitting under
statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

*Diana S. Gondek* for the plaintiff.

*Americo A. Salini, Jr.*, for the defendant.

HENNESSEY, C.J. The plaintiff school committee is appealing from a judgment of the Superior Court confirming an arbitration award ordering the committee to recall the grievant teacher, Jean MacKay, to serve as school adjustment counselor and to pay her damages equal to the pay and associated benefits of that job for the academic year 1981-1982. Because G. L. c. 71, § 38 (1984 ed.),[1] provides school committees with exclusive authority to determine the qualifications of teachers, the committee argues that the arbitrator exceeded his powers in ordering MacKay's recall as school adjustment counselor. We agree. However, we recognize that the award of compensation is "separable from his unauthorized determination" that MacKay was entitled to the job, *School Comm. of Braintree v. Raymond*, 369 Mass. 686, 690-691 (1976), and therefore we uphold this aspect of the award.

We summarize the facts as taken from the arbitrator's findings. For economic reasons, the school committee laid off a number of teachers, including MacKay, in the spring of 1981. She had been working as a physical education teacher and was also certified by the State board of education as a guidance counselor, although she had no prior experience in this position.

In July, 1981, the job of school adjustment counselor became available for the 1981-1982 school year. MacKay and two other laid-off teachers were considered for this position although none had the requisite approval from the Commissioner of Youth Services pursuant to G. L. c. 71, § 46G (1984 ed.).[2] All three were certified as guidance counselors. Beatrice Autry, a teacher with less seniority than MacKay, who had previously worked with handicapped children, was chosen to serve as school adjustment counselor.

---

[1] General Laws c. 71, § 38 (1984 ed.), states in relevant part: "It [the school committee] shall elect and contract with the teachers of the public schools, shall require full and satisfactory evidence of their moral character, and shall ascertain their qualifications for teaching and their capacity for the government of schools."

[2] General Laws c. 71, § 46G, states, in part, that: "Each such school adjustment counsellor shall be responsible for (*a*) counselling and helping children in the primary, elementary and secondary grades who are neglected,

The Holbrook Education Association (association) then filed a grievance pursuant to its collective bargaining agreement with the school committee claiming a violation of the recall provisions of Article 28, which states in relevant part: "D. Teachers who are laid off because of reduction in staff, for the first year after the effective date of lay off, shall be recalled to fill vacancies and new positions for which they are qualified. If a teacher is recalled, it will be for a one-position offer." As a result of the parties' failure to resolve the grievance through the grievance process, it was submitted to arbitration.

The arbitrator concluded that the school committee had violated the contract by offering the job to Autry rather than to MacKay. He found, and the school committee has admitted, that the practice under Article 28 has been to fill vacancies and new positions by recalling laid-off employees in order of their seniority to positions for which they have been certified. Since none of the three candidates were approved as adjustment counselors but all were certified as guidance counselors, the arbitrator ruled that MacKay's higher seniority entitled her to the job and to damages equal to the pay and associated benefits she would have earned as school adjustment counselor for the academic year 1981-1982.[3] Although noting that MacKay was

---

maladjusted, emotionally disturbed, neurotic or otherwise potentially delinquent and are referred to him by a teacher, principal or other school personnel, (b) cooperating with teachers, principals and all other school personnel in assisting and readjusting such children, (c) establishing helpful and kindly relationships with the home for the purpose of assisting parents to improve spiritual, moral, economic, physical or social conditions that threaten the welfare of the child and of society, (d) enlisting the interest and the help of clergymen and other local leaders and officials in a mutual community effort to save children from delinquency, and (e) serving as a referral agent to obtain necessary aid from specialized public or private organizations in serious cases which appear to be beyond the resources of the community. No person shall by employed under this section unless his professional and personal qualifications have been approved by the commissioner of education and the commissioner of youth services."

[3] Any unemployment compensation received by MacKay was to be subtracted from the damage award. Following the arbitration decision, MacKay informed the superintendent of schools in Holbrook that she would not accept the position of school adjustment counselor for the 1982-1983 school year.

under a duty to mitigate her damages, the arbitrator concluded that she was not obligated to quit a retraining program in order to accept the school committee's March, 1982, offer of a physical education teaching job which "was not certain to continue beyond June [1982]." A judge of the Superior Court confirmed the award and we allowed the school committee's application for direct appellate review.

1. *The Order to Recall the Teacher.*

Our review of an arbitrator's award is limited in scope. "We do not, and cannot, pass on an arbitrator's alleged errors of law and, absent fraud, we have no business overruling an arbitrator because we give a contract a different interpretation." *Concerned Minority Educators* v. *School Comm. of Worcester*, 392 Mass. 184, 187 (1984). Thus we do not consider the school committee's contentions that the arbitrator erred in interpreting and applying the recall provisions of Article 28 of the collective bargaining agreement.[4] However, "the question whether the arbitrator[] acted in excess of the authority conferred on [him], as claimed in the present case, is always open for judicial review." *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 792 (1977). See G. L. c. 150C, § 11 (*a*) (3) (1984 ed.). Therefore our review is confined to determining whether the arbitrator's award "improperly intrudes into an area reserved for the judgment of the school committee regarding educational policy." *School Comm. of Boston* v. *Boston Teachers Local 66*, 378 Mass. 65, 69 (1979).

In determining the exclusive, nondelegable functions of a school committee "there is no escape from proceeding 'on a case by case basis.'" *School Comm. of Boston* v. *Boston Teachers Local 66*, 372 Mass. 605, 614 (1977), quoting *Boston Teachers Local 66* v. *School Comm. of Boston*, 370 Mass. 455, 464 n.5 (1976). See *School Comm. of Newton* v. *Labor*

---

[4] The school committee argues that because none of the candidates were approved as school adjustment counselors, they were not "qualified" for the job for purposes of Article 28 and in this circumstance the committee was free to choose the best qualified applicant based on an examination of all relevant experience.

*Relations Comm'n*, 388 Mass. 557, 563 n.4 (1983) (collection of cases involving nondelegable functions). However, it is by now well-settled that "specific appointment determinations . . . are within the exclusive managerial prerogative of a school committee, and thus beyond the scope of collective bargaining." *Boston Teachers Local 66* v. *School Comm. of Boston*, 386 Mass. 197, 211 (1982). See *School Comm. of Boston* v. *Boston Teachers Local 66*, 378 Mass. at 71-72; *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n*, 375 Mass. 522 (1978); *School Comm. of W. Springfield* v. *Korbut, supra* at 794-795; *School Comm. of Braintree* v. *Raymond*, 369 Mass. 686 (1976). At the same time we have "observed that even though certain decisions may be within the exclusive prerogative of the school committee, the *procedures* set forth in a collective bargaining agreement for resolving such determinations may be enforced. It follows that matters relating to the timing of layoffs and the number and identity of the employees affected are proper subjects of collective bargaining. . . . In addition, the *impact* of a decision to lay off teachers may be the subject of negotiation and arbitration." *Boston Teachers Local 66* v. *School Comm. of Boston*, 386 Mass. at 213 (emphasis in original). Accordingly, bargained-for procedures governing the appointment and reappointment of teachers, such as posting and evaluation requirements, are specifically enforceable. See *School Comm. of W. Springfield* v. *Korbut, supra* at 796; *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 113-114 (1977); *Dennis-Yarmouth Regional School Comm.* v. *Dennis Teachers Ass'n*, 372 Mass. 116, 120 (1977); *School Comm. of Peabody* v. *International Union of Elec. Workers, Local 294*, 19 Mass. App. Ct. 449, 453-454 (1985); *School Comm. of New Bedford* v. *New Bedford Educators Ass'n*, 9 Mass. App. Ct. 793, 797-799 (1980).

The association argues that the issue presented here is one of job security and is therefore governed by our decisions enforcing lay-off procedures. We do not share this view. There are no allegations of failure by the school committee to follow appropriate procedures with respect to MacKay's layoff or

failure to take "reasonable steps to ensure consideration in good faith of [her] qualifications . . . to fill . . . a vacant position in the school system for which [she] met the posted qualifications." *School Comm. of Peabody* v. *International Union of Elec. Workers, Local 294, supra* at 453. The issue presented to and decided by the arbitrator was whether the school committee violated its contract by failing to offer Mac-Kay the job of school adjustment counselor, a position she had never served in before and for which she lacked the requisite statutory approval. In these circumstances, her recall is most analogous to an appointment decision and as such falls within the exclusive domain of the school committee. See *School Comm. of Peabody, supra* at 453-454 (arbitrator not authorized to recall grievants to positions they had not previously occupied and for which school committee had not found them qualified); *School Comm. of New Bedford* v. *New Bedford Educators Ass'n, supra* at 800 (appointment of teacher to position of guidance counselor beyond arbitrator's authority). The result we reach is also consistent with *Board of Directors of Me. School Admin. Dist. No. 36* v. *Maine School Admin. Dist. No. 36 Teachers Ass'n*, 428 A.2d 419 (Me. 1981), in which the court affirmed the vacation of an arbitrator's order to transfer the grievant, an employed teacher, to a new position. The arbitrator found that the grievant was entitled to the job under a provision of the prevailing collective bargaining agreement which required that preference be given to applicants within the school system, on the basis of their seniority, in filling teaching vacancies. Citing our decision in *School Comm. of W. Springfield, supra,* the court noted "the distinction between grievance arbitration as to hiring procedures and arbitration as to a teacher's entitlement or right to a vacant position." *Id.* at 421. While "it is reasonable and proper for the collective bargaining agreement to set forth procedures for processing a teacher's application for transfer, . . . the arbitrator's opinion impermissibly usurped the powers and responsibilities granted . . . to the superintendent and school committee." *Id.* We therefore conclude that in so far as the arbitrator orderd Mac-Kay's recall as school adjustment counselor, the award must be modified.

## 2. *Damages*.

"[A]n award of damages 'is separable' from an arbitrator's mistaken conclusion that a particular decision by a school committee is arbitrable." *School Comm. of Boston* v. *Boston Teachers Local 66, ante* 232, 235 (1985). See *School Committee of Braintree* v. *Raymond, supra* at 691 (arbitrator's award of compensation "separable from his unauthorized determination that the employee should be reinstated"); *School Comm. of Lynnfield* v. *Trachtman*, 384 Mass. 813 (1981) (same); *Doherty* v. *School Comm. of Boston*, 363 Mass. 885 (1973) ·(same).

In this case the arbitrator found that the school committee had violated the recall provisions of its collective bargaining agreement by failing to offer MacKay the job of school adjustment counselor. "The decision of the arbitrator on such a question of [contract] interpretation will be final and not subject to review." *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 115 (1977). Having concluded that the contract ·was violated, the arbitrator was entitled to "fashion a remedy which falls short of intruding into the school committee's exclusive domain." *Id.* at 114. Although in ordering MacKay's recall the arbitrator did intrude upon the committee's right to determine teachers' qualifications and to decide upon appointments, his one-year award of damages did not force the committee to surrender any of its managerial prerogatives. As we stated with regard to the damages awarded in *School Comm. of Lynnfield* v. *Trachtman, supra* at 813, "the award of compensation for a single year [did] not have the effect of compelling reinstatement." Although public policy "may limit the ability of a . . . school committee . . . to bind itself to a given contractual provision or to delegate to an arbitrator the power to bind it," *School Comm. of Boston* v. *Boston Teachers Local 66*, 378 Mass. at 70, it does not, under these circumstances,[5] preclude the enforcement of damages resulting from the school committee's violation of its contractual obligations.

---

[5] There is no claim here that the school committee lacked available funds to satisfy the award of lost compensation. Cf. *School Comm. of Boston* v.

The school committee also contends that the damages awarded were excessive because the arbitrator failed to apply the doctrine of mitigation of damages. The committee argues that MacKay was not entitled to back pay for the entire 1981-1982 school year because in March, 1982, she was offered and refused a job as a physcial education teacher. The arbitrator found that the job offered to MacKay was of uncertain duration. He concluded that under these circumstances she was not obligated to quit a retraining program in order to accept the offer. Although the committee submits that the arbitrator "exceeded his powers" in failing to subtract from MacKay's damages the salary she would have otherwise earned as a physical education teacher, this argument amounts to a claim of error of law and as such is beyond the scope of our review. See G. L. c. 150C, § 11 (*a*) (5) (1984 ed.).

3. *Conclusion.*

It follows from all of the foregoing that there was no error in the order of the Superior Court judge in so far as the order confirmed the award of damages to the teacher. The judgment of the Superior Court affirming the arbitration award is modified by striking therefrom the provision that the school committee recall MacKay to the position of school adjustment counselor, and as so modified the judgment is affirmed.

*So ordered.*

*Boston Teachers Local 66, ante* 232 (1985) (arbitrator acts beyond authority by awarding damages for breach of contractual provision where no uncommitted, appropriated funds are available to implement provision).