BOARD OF SELECTMEN OF AYER *vs.* JOHN SULLIVAN & another.[1] No. 89-P-84. August 13, 1990. *Arbitration,* Authority of arbitrator. *Municipal Corporations,* Collective bargaining, Police. *Police,* Collective bargaining, Discharge.

The facts are not in dispute. In February, 1986, the board of selectmen (board) of the town of Ayer (town) appointed John Sullivan as a police officer pursuant to the provisions of G. L. c. 41, § 96, as appearing in St. 1977, c. 246, § 1.[2] Generally, police officers are hired by the town for a one-year period and are subject to annual reappointment by the board. During June and July of 1986, nine or more complaints about Sullivan's performance were made to the chief of police and the board. The board held fact-finding investigative hearings in September and October of 1986. Sullivan and his attorney were present, each addressed the complaints, and a stenographic record was kept. On October 14, 1986, the board voted not to reappoint Sullivan to another one-year term. There was no disciplinary action. The board took a further vote on October 27, 1986, to suspend the execution of the vote not to reappoint until the board's February, 1987, meeting, which would be at a time about one year from the date of Sullivan's initial appointment. The board implemented the decision not to reappoint at its February 9, 1987, meeting.

On February 11, 1987, Sullivan requested a "just cause" hearing regarding the board's decision not to reappoint him. The board denied the request, claiming that no such hearing was required, but offered a "non-just cause" hearing. Sullivan filed a grievance under the collective bargaining agreement with the town, and the union thereafter filed for arbitration. The arbitrator concluded that (1) the rules and regulations of the police department were incorporated in the collective bargaining agreement; (2) those rules provided that the board has the authority to *remove any mem-*

---

[1] International Brotherhood of Police Officers, Local 346.

[2] "In any town in which such appointments are not subject to chapter thirty-one, they shall be made annually or for a term of years not exceeding three years, as the selectmen shall determine, and the selectmen may remove such officers for cause at any time during such appointment after a hearing."

Until about 1974, the appointment, tenure and removal of the town's police officers had been governed by the much more stringent provisions of G. L. c. 31, the civil service law.

*ber* at any time for just cause after due hearing;[3] (3) what the board did was to terminate Sullivan for disciplinary reasons under the guise of a decision not to reappoint; and (4) the purpose of the board's action was to avoid a just cause hearing. The arbitrator ruled that the town violated the collective bargaining agreement when it *"dismissed"* Sullivan without a just cause hearing and the arbitrator ordered him reinstated with full back pay, benefits and seniority.

The town timely filed an application to vacate the arbitrator's award on the ground that he had exceeded his authority. See G. L. c. 150C, § 11(*a*)(3). A Superior Court judge concluded that neither the discharge for cause requirement of the rules and regulations of the police department or of G. L. c. 41, § 96, applied to reappointments. Sullivan was not removed during the period of his appointment and, the judge ruled, as the board's authority under § 96 to appoint police officers was nondelegable, the award of the arbitrator exceeded his authority. From the ensuing judgment, Sullivan and the union have appealed.

"[T]he question whether the arbitrator[ ] acted in excess of the authority conferred on [him], as claimed in the present case, is always open for judicial review." *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. 788, 792 (1977). *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. 651, 654 (1985). See G. L. c. 150C, § 11 (*a*)(3).

The power to appoint police officers pursuant to G. L. c. 41, § 96, is a matter of "inherent managerial policy," St. 1973, c. 1078, § 4, as appearing in St. 1977, c. 347, § 2, vested in the board and is nondelegable. Sullivan and the union do not, nor could they, argue to the contrary. See *Boston* v. *Boston Police Patrolmen's Assn.*, 8 Mass. App. Ct. 220, 224-227 (1979); *Boston* v. *Boston Police Superior Officers Fedn.*, 9 Mass. App. Ct. 898 (1980); *Taunton* v. *Taunton Branch of the Mass. Police Assn.*, 10 Mass. App. Ct. 237, 241-245 (1980). Cf. *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 111 (1977); *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Assoc.*, 372 Mass. 116, 120 (1977); *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers Assn.*, 372 Mass. 121, 122 (1977); *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. at 655. "We need not decide whether the parties agreed to submit the question of [Sullivan's reappointment] to arbitration . . . because, even if they did so agree, [the board] would not be bound by an agreement to arbitrate its [reappointment] decision." *Dennis-Yarmouth Regional Sch. Comm* v. *Dennis Teachers Assn.*, *supra.*

The arbitrator's award of Sullivan's reinstatement impinged upon the managerial prerogatives of the board. Reliance by Sullivan and the union on *School Comm. of W. Springfield* v. *Korbut*, 373 Mass. at 793-798, is misplaced. This is not a case where the board failed to follow notice, hear-

---

[3]The rules and regulations are not set out in the record, but there is no disagreement as to this provision.

ing, evaluation procedures and the like so that reinstatement until compliance with those procedures was appropriate.[4] Compare *ibid.*, and cases there collected; *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. at 655. Here, by requiring a just cause hearing, the arbitrator imposed a just cause standard to inhibit the board's authority, unfettered by G. L. c. 41, § 96, to decide, for whatever reason but presumably motivated by public safety or fiscal concerns, not to reappoint a police officer. As the Superior Court judge observed, the only "for cause" requirement in § 96 applies to removal of an officer during the period of a particular appointment. The town could not have agreed to a substantive restriction on the board's nondelegable power of appointment. For these same reasons, the arbitrator's award of back pay and benefits to Sullivan for the period beyond his initial one-year appointment was unlawful.

*Judgment affirmed.*

*Theresa M. Dowdy* for the defendants.
*Henry G. Stewart* (*Robert W. Gardner, Jr.*, with him) for the plaintiff.


---

[4]The board offered Sullivan a "non-just cause" hearing regarding its decision not to reappoint him. There is no indication in the record whether Sullivan availed himself of this opportunity.
[1]The then superintendent of M.C.I., Cedar Junction.