## Town of Billerica *vs.* International Association of Firefighters, Local 1495.

Middlesex. May 5, 1993. - July 7, 1993.

Present: Wilkins. Abrams, Nolan, & Lynch, JJ

*Arbitration*, Authority of arbitrator, Collective bargaining, Scope of arbitration, Fire fighters, Arbitrable question. *Municipal Corporations*, Collective bargaining, Fire department, Municipal finance. *Labor*, Arbitration, Collective bargaining, Fire fighters.

A minimum-staffing requirement in a collective bargaining agreement between a town and a fire fighters' union was unenforceable against the town during the second year of the agreement in the absence of the town's subsequent commitment to the requirement in the exercise of its managerial prerogatives. [694-695]

This court declined to treat a town as having agreed to the minimum-staffing requirement for the second year of a collective bargaining agreement between the town and a fire fighters' union in circumstances where the town administrator did not submit an appropriation request to the town meeting for the second year, as he was required to do by G. L. c. 150E, § 7 (*b*), and, where, as a result, the town meeting did not have occasion to reject a request for an appropriation necessary to fund the cost items.[696]

An arbitrator exceeded his authority in ordering enforcement of the minimum-staffing requirement of a collective bargaining agreement between a town and a fire fighters' union during the second year of the agreement in the absence of available appropriated funds. [696]

Civil action commenced in the Superior Court Department on June 26, 1991.

The case was heard by *Katherine Liacos Izzo*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William J. Lafferty* for the defendant.

*Arthur P. Murphy* (*Kevin P. Feeley, Jr.*, with him) for the plaintiff.

WILKINS, J. We are concerned with the enforceability of a minimum-staffing provision in a collective bargaining agreement between the town of Billerica (town) and the Billerica firefighters, Local 1495 of the International Association of Firefighters (firefighters). That agreement, entered into in November, 1989, and covering the period from July 1, 1989, to June 30, 1992, provided for a minimum-staffing level of seventeen firefighters on duty at any time. In the fall of 1990, contrary to the terms of the collective bargaining agreement, the town reduced minimum staffing to fourteen firefighters. The town administrator had not requested (and the town meeting had not voted) an appropriation for the second fiscal year of the agreement sufficient to maintain a minimum-staffing level at seventeen firefighters.

An arbitrator ruled that the minimum-staffing requirement was enforceable in the second year of the agreement, even though the town had not funded that provision. He ordered the town to adhere to the minimum-staffing provision and to pay firefighters who should have been called so as to maintain the required staffing level the amounts that they would have earned but for the town's failure to adhere to the minimum-staffing provision.[1]

The town sought to have the arbitration award vacated (G. L. c. 150C, § 11 [*a*] [1990 ed.]), and the firefighters sought confirmation of the award (G. L. c. 150C, § 10 [1990 ed.]). A judge of the Superior Court decided in favor of the town. She concluded that the minimum-staffing requirement was not enforceable beyond the first year of the agreement be-

---

[1]The issue of arbitrability was before the arbitrator, but he refused to consider the question whether the absence of appropriated funds was dispositive of the question before him. He concluded that he had no authority to look to what he called "external law" because the parties did not provide for consideration of external law. This disregard for the requirements of the law seems to be an unsatisfactory approach to dispute resolution, particularly because one of the issues stipulated to the arbitrator was what the remedy should be if the town violated the terms of the agreement.

cause no funds had been appropriated for that purpose and that the town had the nondelegable prerogative to decline to fund the minimum-staffing provision during the agreement's second year. The judge allowed summary judgment for the town, vacating the arbitrator's award. We transferred the firefighters' appeal here on our own motion. We agree with the judge that the arbitrator exceeded his authority in ordering the town to comply with the minimum-staffing provision during the second year of the agreement.

1. The town's agreement to maintain at least seventeen firefighters on duty at all times was not enforceable during the second year of the collective bargaining agreement without further action by the town.

There are certain nondelegable rights of management, matters that are not mandatory subjects of collective bargaining (G. L. c. 150E, § 6 [1990 ed.]), that a municipality and its agents may not abandon by agreement, and that an arbitrator may not contravene. See *School Comm. of Boston* v. *Boston Teachers Union, Local 66*, 378 Mass. 65, 70-72 (1979). The town argues that a minimum-staffing requirement during the second year of the agreement falls into that category and that the town could be bound as to minimum-staffing during the second year of the agreement only if the town meeting had appropriated funds necessary for that purpose.

Job security provisions in a municipal collective bargaining agreement are enforceable for periods not exceeding one fiscal year. In *Boston Teachers Union, Local 66* v. *School Comm. of Boston*, 386 Mass. 197 (1982), this court held that "a provision in a collective bargaining agreement that attempts to restrict the ability of a school committee to determine on an annual basis the size of its teaching staff intrudes into an area of exclusive managerial prerogative." *Id.* at 212. In that case the collective bargaining agreement provided that any tenured or permanently appointed teacher or nurse would continue to be employed during the first two years of the agreement. *Id.* at 200-201. We concluded that

the no-layoff clause was not enforceable to the extent that it infringed on the school committee's managerial prerogative annually to determine staff levels. *Id.* at 213. The Appeals Court similarly has held that a job security provision requiring a town to maintain at least forty-eight employees in the fire department was not enforceable against the town in the second year of the agreement when the town, declined for that year to appropriate the funds needed to maintain forty-eight employees in the fire department. *Saugus* v. *Newbury*, 15 Mass. App. Ct. 611, 614-615 (1983).

If the minimum-staffing provision in the collective bargaining agreement is a job security provision or similar to one, that provision may not be enforced against the town for the second year of the agreement without the town's acquiescence. The Labor Relations Commission has ruled that a shift-staffing requirement "represents an intrusion into that type of governmental decision which should be reserved for the sole discretion of the elected representatives of all the citizens of the Town." *Danvers & Local 2038, IAFF*, 3 M.L.C. 1559, 1573 (1977). We agree. Although a minimum-staffing requirement in a fire department may involve public safety considerations, such a requirement has a direct effect on the number of people that will be employed and is similar to a job security clause for the purposes of this case. Such a requirement is not substantively different from a no-layoff provision or a requirement that a stated number of people be employed in a department of a municipality.

The minimum-staffing requirement for each shift was not enforceable, therefore, in the second year of the agreement in the absence of the town's subsequent commitment to that requirement in the exercise of its managerial prerogatives. We turn then to the firefighters' claim that the town should be treated as having agreed to the minimum-staffing provision for the second year of the agreement because the town administrator did not make a good faith effort to fund the agreement for the second year.

2. The firefighters argue that, because the town meeting did not reject the cost items for the second year of the agreement, those cost items were effective and enforceable, even without an appropriation to fund them. Their contention is that the town administrator did not submit an appropriation request to the town meeting for the second year, as he was required to do (see G. L. c. 150E, 7 [*b*] [1990 ed.]), and, therefore, the cost items are now enforceable because the town meeting did not duly reject a request for an appropriation necessary to fund the cost items (see *id.*).

We disagree because the firefighters' argument contemplates a municipal obligation to disperse funds for which the town's legislative body has made no appropriation. We do not construe § 7 (*b*) to eliminate the need for an appropriation of funds to sustain the seventeen person minimum-staffing requirement during the second year of the agreement. See *County of Suffolk* v. *Labor Relations Comm'n*, 15 Mass. App. Ct. 127, 132-133 (1983). As we have said, the law required that a request for an appropriation necessary to fund the agreement for its second year be presented to the town meeting for action. The failure to make such a submission, however, cannot be the basis for eliminating the requirement of § 7 (*b*) that a request for needed funds be submitted to the town meeting for its consideration. The firefighters' remedy was to seek a court order compelling the town administrator, and others, if necessary, to comply with the law and to submit a request for necessary funding to a town meeting. See *id.*

3. The arbitrator exceeded his authority in ordering enforcement of the minimum-staffing provision during the second year of the agreement in the absence of available appropriated funds. See *Secretary of Admin.* v. *Massachusetts Org. of State Eng'rs & Scientists*, 408 Mass. 837, 841-842 (1990); *School Comm. of Boston* v. *Boston Teachers Union, Local 66*, 395 Mass. 232, 236-237 (1985).

*Judgment affirmed.*