## MASSACHUSETTS COALITION OF POLICE, LOCAL 165, AFL-CIO *vs.* TOWN OF NORTHBOROUGH.

Worcester. May 3, 1993. - October 5, 1993.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH & O'CONNOR, JJ.

*Municipal Corporations*, Collective bargaining, Police. *Police*, Collective bargaining, Discharge. *Arbitration*, Authority of arbitrator, Scope of arbitration, Police, Collective bargaining. *Words*, "Removal."

A Superior Court judge correctly determined that the decision of a board of selectmen not to reappoint a police officer appointed under G. L. c. 41, § 97A, was a nondelegable managerial prerogative and was not subject to arbitration. [254-257]

CIVIL ACTION commenced in the Superior Court Department on April 26, 1990.

The case was heard by *John C. Cratsley*, J., on a statement of agreed facts, and entry of final judgment on the defendant's counterclaim was ordered by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Alan H. Shapiro* for the plaintiff.

*John M. Collins* for the defendant.

O'CONNOR, J. This case presents the question whether a town's decision not to reappoint a police officer, who had previously been appointed pursuant to G. L. c. 41, § 97A (1992 ed.), is arbitrable under a collective bargaining agreement which provides in art. XXVII for "final and binding" arbitration of disputes "over the interpretation, application or enforcement of an expressed written provision of [the] agreement, or alleged inequitable or discriminatory treatment of an employee under [its] provisions." The plaintiff, Massachusetts Coalition of Police, Local 165, AFL-CIO (union), filed a complaint in the Superior Court Department seeking an

order that would compel arbitration of a decision of the board of selectmen (board) of the defendant, town of Northborough (town), not to reappoint Ronald Bertrand a police officer. Bertrand had been president of the union during the latter part of his last appointed term. The town answered the complaint and counterclaimed, essentially requesting a declaration by the court that the town's decision not to reappoint Bertrand was not a proper subject for arbitration. Based on the parties' statement of agreed facts, a judge denied the union's request for an order compelling arbitration and ordered that the case be dismissed. The judge also ordered judgment on the town's counterclaim, declaring in substance that the town's decision not to reappoint Officer Bertrand could not be made subject to arbitration. The union appealed from the judgments on its complaint and the town's counterclaim. We transferred the appeal to this court on our own initiative, and we now affirm the judgments.

Since 1963, the town has appointed its police officers pursuant to G. L. c. 41, § 97A, which provides for appointments of police officers for three years or less. Ronald Bertrand was first appointed a Northborough police officer in 1981, and he was reappointed in 1983. Then, on February 11, 1985, pursuant to St. 1981, c. 316, which was a special act authorizing the board to appoint police officers "for such terms of years as [the] selectmen may determine" notwithstanding the provisions of G. L. c. 41, § 97A, Bertrand was reappointed for five years. He served as president of the union during the latter part of that term.

On February 12, 1990, the board voted not to reappoint Bertrand a police officer. As a result, the union filed a grievance asserting that Bertrand had been "terminated" without just cause in violation of arts. III(A), IV(A) and XXXI of the applicable collective bargaining agreement. Article III(A) provides that the town will not discriminate against any employee in the bargaining unit on account of union activity. Article IV(A) sets forth the town's rights of management. Article XXXI states that "[n]o member of [the] bargaining unit shall be dismissed except for cause following

necessary hearing procedures." The town took the position that its decision not to reappoint Bertrand was exclusively its prerogative and that the asserted grievance was neither grievable nor arbitrable. The union then requested by letter that the following issues be submitted to arbitration: "1. Is the grievance arbitrable? 2. If the grievance is arbitrable, was there just cause for the discharge of Ronald Bertrand? 3. If there was no just cause for discharge, what shall be the remedy?" The letter made no mention of arts. III(A) or IV(A) of the collective bargaining agreement. The town responded that the grievance was not arbitrable, and the union commenced the present action which resulted in the judgments that are the subject of this appeal.

General Laws c. 41, § 97A, provides in relevant part: "In any town which accepts this section there shall be a police department established by the selectmen . . . . The selectmen of any such town shall appoint a chief of police and such other officers as they deem necessary . . . . In any such town . . . such appointments . . . shall be made annually or for a term of years not exceeding three years . . . and the selectmen may remove such chief or other officers for cause at any time after a hearing." Contrary to the union's contention, we hold that, under § 97A, a board of selectmen's decision not to reappoint a police officer is a non-delegable managerial prerogative. See *Selectmen of Ayer* v. *Sullivan*, 29 Mass. App. Ct. 931, 932 (1990), holding that the decision of the board of selectmen of Ayer not to reappoint a police officer appointed under G. L. c. 41, § 96, was nondelegable.

The union in the present case does not argue that the *Selectmen of Ayer* case was wrongly decided. Rather, it seeks to distinguish that case from this one on the ground that the police officer in the *Selectmen of Ayer* case was originally appointed under G. L. c. 41, § 96, not under § 97A as Bertrand was. Section 96 provides that "the selectmen may remove such officers for cause at any time *during such appointment* after a hearing" (emphasis added), while § 97A says that "the selectmen may remove such chief

416 Mass. 252                                    255

Massachusetts Coalition of Police, Local 165, AFL-CIO *v.* Northborough.

or other officers for cause at any time after a hearing." Section 97A does not contain the phrase "during such appointment." The union contends that, when that phrase is present, as it is in § 96, an officer's right to a just cause hearing is confined to removals that occur during the term of an appointment. Therefore, as the Appeals Court held in *Selectmen of Ayer, supra*, "removals" by failure to reappoint which can occur only after the term of an appointment has expired, are the nondelegable managerial prerogative of the town. However, since the phrase "during such appointment" does not appear in § 97A, the union argues the right to a just cause hearing applies not only to removals during the term of an appointment, but also to "removals" after the expiration of an appointed term. In such cases, therefore, according to the union's argument, the town does not have a nondelegable managerial prerogative to reappoint or not to reappoint.

We reject that argument. A failure to reappoint is not a "removal," see *Costello v. School Comm. of Chelsea*, 27 Mass. App. Ct. 822, 826 (1989), and therefore a failure to reappoint a police officer originally appointed under § 97A does not require a hearing and determination concerning just cause to remove. Indeed, if a failure to reappoint an officer previously appointed under § 97A were to constitute a removal as the union contends, police officers with collective bargaining agreements like the one here would effectively have tenure. The selectmen would have to reappoint them unless just cause for removal were demonstrated at a hearing. Such a result would conflict with the mandate in § 97A that police officers are to be appointed for fixed terms. We conclude that, just as a decision to reappoint a police officer appointed under G. L. c. 41, § 96, is a nondelegable managerial prerogative, so too is a decision to reappoint a police officer appointed under G. L. c. 41, § 97A.

A town may not by agreement abandon a nondelegable right of management. *Billerica v. International Ass'n of Firefighters, Local 1495*, 415 Mass. 692, 694 (1993). Therefore, even if the arbitration clause in the present case could

be interpreted to grant an arbitrator the right to decide whether a police officer is entitled to reappointment, such an agreement would be unlawful and unenforceable. "[A]n agreement to arbitrate a dispute which lawfully cannot be the subject of arbitration [is] equivalent to the absence of a controversy covered by the provision for arbitration." *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Ass'n*, 372 Mass. 116, 119 (1977).

We have said, and we say again, that, "[u]nless there is positive assurance that an arbitration clause is not suscepti-ble to an interpretation that covers the asserted dispute, or unless no lawful relief conceivably can be awarded by the arbitrator, an order to arbitrate should not be denied." *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 113 (1977). Here, however, it may be said with positive assur-ance that the arbitration clause of the collective bargaining agreement is not susceptible to an interpretation that covers the asserted dispute, which is solely about whether Bertrand should have been reappointed. Furthermore, no lawful relief could conceivably be awarded by an arbitrator in this case. The arbitrator lawfully could neither order Bertrand's reap-pointment nor provide a form of relief that might reasonably promote or advance the union's goal that Bertrand be reap-pointed. Thus, this case is different from cases such as *School Comm. of W. Bridgewater* v. *West Bridgewater Teachers' Ass'n*, 372 Mass. 121 (1977), *Dennis-Yarmouth Regional Sch. Comm.* v. *Dennis Teachers Ass'n, supra*, and *School Comm. of Danvers* v. *Tyman, supra*. In those cases, the court held that, although decisions concerning whether to grant tenure to teachers are nondelegable, and therefore non-arbitrable, issues concerning the procedure to be followed in making such tenure decisions are arbitrable. In those cases, the procedure in issue was reasonably related to the hiring decision. Here, however, an order requiring a hearing to de-termine whether there was just cause for discharge would have little or no bearing on whether, from the town's point of view, reappointment was indicated. Such an order would not constitute "relief" in any realistic sense.

Our discussion has focused on the arbitrability of the union's claim that, by failing to reappoint Bertrand, the town removed him without determining after a hearing that there was cause for his removal. We briefly turn now to the arbitrability of the union's claim that the town's decision not to reappoint Bertrand violated art. III(A) of the collective bargaining agreement in that it was the product of discrimination on account of Bertrand's union activities. As we have already noted, the union requested by letter that the following issues be submitted to arbitration: "1. Is the grievance arbitrable? 2. If the grievance is arbitrable, was there just cause for the discharge of Ronald Bertrand? 3. If there was no just cause for discharge, what shall be the remedy?" It is fairly arguable that the union waived any contention that the union was entitled to arbitrate the question whether the town's failure to reappoint Bertrand violated art. III(A). In any event, we are satisfied that that contention must fail, as did the just cause hearing contention, because it appears that no lawful relief could be granted without conflicting with the town's nondelegable managerial prerogative.[1]

We conclude that the judge in the Superior Court correctly denied the relief requested by the union and correctly declared that the town's decision not to reappoint Ronald Bertrand was not arbitrable.

*Judgments affirmed.*

---

[1]We note that, at the time the parties' briefs herein were filed in this court, a union charge of prohibited practice focused on discrimination and retaliation against Bertrand in connection with union activity was pending before the Labor Relations Commission.