SCHOOL COMMITTEE OF BOSTON *vs.* BOSTON TEACHERS UNION, LOCAL 66, AFT, AFL-CIO. No. 94-P-1834. May 8, 1996. *Arbitration*, Collective bargaining, School committee, Arbitrable question, Authority of arbitrator, Scope of arbitration. *School and School Committee*, Collective bargaining, Arbitration. *Public Employment*, Collective bargaining.

The defendant appeals from a judgment vacating an arbitrator's award of damages arising from a violation of a collective bargaining agreement. The facts of the case are undisputed. The Boston School Committee (BSC) and the Boston Teachers Union (BTU) are parties to a collective bargaining agreement. Mary Maier, a nontenured teacher, was employed under that agreement. In October, 1990, the assistant principal evaluated Maier's performance and gave her an over-all rating of "Satisfactory." In April, 1991, Maier was informed by the BSC that she would not be reemployed for the 1991-1992 school year. Subsequently, while examining her file, Maier discovered derogatory material about herself. Maier had never been informed that this material had been placed in her file.

The BTU filed a grievance pursuant to the agreement challenging the

BSC's decision not to reappoint Maier. The grievance proceeded to arbitration. From the outset, the BSC maintained that the grievance was not arbitrable because the agreement expressly excluded from arbitration "satisfactory" evaluations. The agreed upon issues presented to the arbitrator were:

1. Is the grievance arbitrable?

2. If so, did the BSC violate the agreement in connection with its decision not to reemploy Maier for the 1991-1992 school year?

3. If so, what shall the remedy be?

The arbitrator concluded that the case was arbitrable because "statutory and contractual 'procedures' are substantively arbitrable with respect to evaluation." The agreement contains "specific language controlling the evaluation process. . . . The grievance procedure calls for and permits arbitration of disputes concerning the meaning and implementation and/or violations of these contract provisions."

Specifically, the arbitrator found that Maier's October, 1990, evaluation was "misleading, inaccurate, and incorrect" because, in truth, the evaluators believed Maier's performance was unsatisfactory. The arbitrator concluded that the falsification of personnel evaluations deprived Maier of the remedial measures that would follow from unsatisfactory evaluation ratings and, thus, seriously violated the agreement. He found that a decision not to renew might not have been made had the remedial measures been instituted upon the proper recordation of an "Unsatisfactory." The arbitrator awarded Maier an amount equal to the salary she would have received had she been reemployed for the 1991-1992 school year, less any outside earnings or unemployment compensation.

In addition, the arbitrator found that the BSC violated the agreement by placing derogatory material in Maier's file without informing her, but concluded that it played "little, if any role" in the decision not to reemploy Maier. The arbitrator ordered that the files be purged of the derogatory material.

A Superior Court judge reversed the arbitrator and concluded that the case was not arbitrable because the agreement explicitly excludes from arbitration performance evaluations that are satisfactory or above. Also, the judge found that the arbitrator exceeded his authority when he determined that derogatory material had been placed in Maier's file and ordered its removal.

We affirm in part and reverse in part.

1. *Derogatory material.* We agree with the Superior Court judge that the arbitrator exceeded the scope of his authority by ordering Maier's files expunged of the derogatory material. The only issue before the arbitrator was whether the BSC had violated the agreement in its decision not to reemploy Maier. The arbitrator found that the derogatory material placed in Maier's file played "little, if any" role in BSC's decision not to renew her employment. The arbitrator exceeds his powers if he exceeds the scope of his reference by awarding on a matter not submitted to him. *School Comm. of West Springfield* v. *Korbut*, 373 Mass. 788, 792 (1977). The arbitrator exceeded the scope of his authority by finding a violation independent of the role the material played in the BSC's decision not to rehire Maier. Contrast *School Comm. of Norton* v. *Norton Teachers' Assn.*, 23 Mass. App.

1002, 1002 (1987) (derogatory materials in file expressly relied upon by the committee in reaching decision to terminate).

2. *Evaluations.* We disagree with the Superior Court judge on the arbitrability of the evaluations. The BSC argues that the arbitrator's decision should be vacated because the decision of a school committee to appoint a teacher is beyond the scope of an arbitrator's authority and the agreement excludes from arbitration "satisfactory" evaluations.[1]

It is established that appointment decisions are an exclusive, nondelegable power of a school committee and beyond the scope of collective bargaining. See *Boston Teachers Union, Local 66* v. *School Comm. of Boston*, 386 Mass. 197, 211 (1982). An arbitrator's authority to find a violation is limited to a violation of bargained-for procedures in the appointment process. *School Comm. of Danvers* v. *Tyman*, 372 Mass. 106, 113-114 (1977). Thus, failure to follow contractually mandated evaluation procedures is properly arbitrable.

We agree with the arbitrator that "[e]valuations are not an opportunity for individuals to express their own personal philosophy of justice. The rating categories are described, established and must be implemented as established. Manipulation of that system even if out of kindness is a serious infraction of the collective bargaining agreement." We agree that manipulation of the evaluation system to give a false appraisal is a procedural violation of the agreement and thus arbitrable.

Having concluded that the BSC violated the agreement, the arbitrator was entitled to "fashion a remedy which falls short of intruding into the school committee's exclusive domain." *Id.* at 114. The arbitrator's one-year award of damages "did not force the committee to surrender any of its managerial prerogatives," *School Comm. of Holbrook* v. *Holbrook Educ. Assn.*, 395 Mass. 651, 657 (1985), nor intrude into the BSC's nondelegable authority to manage schools. See *School Comm. of Lynnfield* v. *Trachtman*, 384 Mass. 813, 813 (1981) (an award of compensation for a single year did not have the effect of compelling reinstatement). The arbitrator's one-year award to Maier was within his authority.

For the foregoing reasons, that part of the judgment reflecting a finding that the grievance was not arbitrable is reversed, and the arbitrator's award of an amount equal to the salary Maier would have received had she been reemployed is reinstated. In all other respects, the judgment is affirmed.

*So ordered.*

*Matthew E. Dwyer* for the defendant.
*Haidee Morris* for the plaintiff.

---

[1]Article V(C)5(j) of the agreement provides: "Factor marks, less than annual overall ratings, and comments on an annual overall form are neither grievable nor arbitrable . . . . An employee may grieve an annual overall 'satisfactory' grade up to but not beyond the level of the Community Superintendent who shall have the authority to rectify the grievance."