WHITTIER REGIONAL SCHOOL COMMITTEE *vs.* LABOR
RELATIONS COMMISSION & another.[1]

Suffolk.  December 11, 1987. — January 19, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Labor*, Union agency fee. *Labor Relations Commission.*

Under G. L. c. 150E, § 11, the Labor Relations Commission had authority
to order a school committee to terminate the employment of a teacher
who had refused to pay an agency service fee to a teachers' association
as required by the terms of the applicable collective bargaining agree-
ment. [563]

A school committee's failure to obey an order of the Labor Relations
Commission that the committee comply with its collective bargaining
agreement by discharging a teacher for nonpayment of an agency service
fee to the teachers' association was an unfair labor practice under G. L.
c. 150E, § 10 (*a*) (5) & (1). [563]

There was no merit to a school committee's contention, in opposing an
order of the Labor Relations Commission, that a teacher had not been
given appropriate notice to pay the agency service fee demanded by the
teachers' association under a provision in the applicable collective bar-
gaining agreement. [564]

In the circumstances of a proceeding brought by a teachers' association to
enforce the agency service fee provision of its collective bargaining
agreement with a school committee, in which the Labor Relations Com-
mission had properly ordered the committee to discharge a teacher who
had not paid the fee, the case was remanded to give the teacher an
opportunity to challenge the amount of the fee pursuant to 456 Code
Mass. Regs. § 17.06 (1986). [564-565]

APPEAL from a decision of the Labor Relations Commission.
The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Robert P. Rudolph* for the plaintiff.
*John B. Cochran* for the defendant.

---

[1] Whittier Regional Teachers Association.

NOLAN, J.   The plaintiff, Whittier Regional School Committee (school committee), has appealed from a decision of the defendant Labor Relations Commission (commission) dated December 11, 1986, which ordered the school committee to enforce the agency service fee clause of the collective bargaining agreement between the defendant Whittier Regional Teachers Association (association) and the school committee by terminating the employment of Carl O'Brien, a teacher who has refused to pay the fee. We transferred the case from the Appeals Court on our own motion. We discern no error in the commission's order, but, for reasons set forth below, we remand the case to the commission for further consideration. At issue is whether the school committee violated G. L. c. 150E, § 10 (*a*)(1), (2), & (5), by failing to discharge O'Brien for refusing to pay the agency service fee.

O'Brien is a nonmember of the association, but he is required as a condition of employment to pay a service fee to the association for its representation of him in its collective bargaining activities. G. L. c. 150E, § 12. He is not required, however, to support the social, political, or special activities of the association. *Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209 (1977).

We learn from the commission's findings of fact that O'Brien was employed by the school committee as a teacher for the 1982-1983 school year, during which the agency service fee was set by the association at $217 per year. Of this amount, $17 was allocated to the local association, $145 to the State association (MTA), and $55 to the national association (NEA). Membership in the MTA and NEA was a precondition to membership in the local association according to the association by-laws. The association gave notice on October 22, 1982, that the agency service fee was due and payable by December 1, 1982, and a second reminder was posted on November 23, 1982. O'Brien did not pay the fee by December 1, 1982. After receiving a demand letter sent on February 2, 1983, O'Brien tendered to the association a check in the amount of $17 in lieu of the full amount demanded. He tendered this amount sometime prior to April 16, 1983. This check was returned to O'Brien by the association.

The association wrote to the superintendent-director of the Whittier Regional Vocational Technical School District on February 17, 1983, demanding the initiation of dismissal proceedings against O'Brien for failure to pay the full fee. The school committee responded on February 22, 1983, by advising the association that it would not take any action "until such time as the factual and legal issues regarding the Association[']s refusal to accept the payment of the service fee and the determination of the amount of the service fee have been resolved by either the American Arbitration Association, Essex County Superior Court or Labor Relations Commission."[2]

In 1982, there was pending an arbitration proceeding seeking an interpretation of the agency service fee provision in the collective bargaining agreement at issue in this case. Sometime later, the parties mutually agreed to withdraw this arbitration proceeding and to allow the matter to be decided by the commission. The association sent another letter on March 3, 1983, to the superintendent, demanding compliance with the collective bargaining agreement by the school committee. Again, the superintendent declined because the case was then pending before the commission. A final demand for O'Brien's dismissal was made on April 15, 1983.

O'Brien has not filed a charge of prohibited practice against the bargaining agent in protest of the amount of the service fee. See 456 Code Mass. Regs. § 17.06 (1)-(3) (1986), and, *infra* note 3. The school committee argued before the commission for him that he had fulfilled his obligation under the collective bargaining agreement by tendering $17. Article 3-04 of the agreement provides: "As a condition of his continued employment, every teacher, if and when not a member in good standing of the Association, shall pay or, by payroll deduction, have paid to the Association an agency fee of an amount to be determined by the Association, but in no event in excess of *its dues* . . ." (emphasis supplied). The term "its dues" is

---

[2] This letter mentioned only Joseph Lyons, a teacher whose position as to the service fee was the same as O'Brien's. Lyons' case was separated and ultimately was adjudicated by this court. *Lyons* v. *Labor Relations Comm'n*, 397 Mass. 498 (1986).

ambiguous, the committee argues, and may refer only to the dues of the local association and not to those of the MTA or the NEA. The commission has decided this issue adversely to the school committee in recognizing $217 as the amount due. There is no error on the record before us, though we hasten to add that O'Brien is not a party in the case before the commission, and he may have certain statutory rights under G. L. c. 71 when confronted with dismissal. He may have acquired tenure at some time prior to the issuance of the commission's order.

1. *Jurisdiction of the commission.* There is no merit to the school committee's argument that the commission was without authority or jurisdiction to order dismissal of a teacher because such action is within the area of the school committee's nondelegable duties. The nondelegability doctrine has never been stretched this far. In *Southern Worcester County Regional Vocational School Dist. Comm.* v. *Labor Relations Comm'n,* 386 Mass. 414, 423-424 (1982), we upheld an order of the commission requiring reinstatement of a teacher who had been discharged for union activity even though reinstatement resulted in tenure for the teacher. The order in the instant case is well within the commission's broad powers under G. L. c. 150E, § 11.

2. *Prohibited practice violation.* The school committee argues that its failure to discharge O'Brien was not a violation of G. L. c. 150E, § 10(*a*)(5) & (1). This argument cannot stand. It is true that the seminal case, *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n,* 385 Mass. 70 (1982), which required revamping the procedure governing payment of contested agency fees, was not decided until January 14, 1982. The school committee seems to argue that *Greenfield* caused such procedural confusion that it should be excused from answering the demands of the association to comply with the collective bargaining agreement by discharging O'Brien for failure to pay the agency fee. However, between January, 1982 and December, 1986, when the commission issued its order in this case, there elapsed an abundance of time within which to act.

3. *Failure of association to notify O'Brien of demand.* Assuming, without deciding, that the school committee has standing to advance an argument in the name of O'Brien, the argument that O'Brien was not given appropriate notice cannot stand. When he tendered $17, the association rejected the tender and steadfastly demanded the entire amount, $217.

4. *Conclusion.* The equities seem to favor giving O'Brien the opportunity to be heard before the commission. We remand the case to the commission to give O'Brien an opportunity within ninety days from the date of this decision to pay the service fee demanded with interest or to file late a charge[3] regarding the amount to be paid as service fee. Giving O'Brien the opportunity of bringing a prohibited practice charge to challenge the fee amount is a recognition of the conclusion reached in *Greenfield, supra* in which this court stated that "[t]he commission may require the employee to pay the dis-

---

[3] 456 Code Mass. Regs. § 17.06 (1986) provides: "*17.06: Challenge of a Service Fee* (1) Employees may challenge the validity or amount of a service fee by filing a prohibited practice charge with the Commission. 'Validity' shall mean whether there has been compliance with the provisions of 456 CMR 17.03 and 17.05. 'Amount' shall mean whether some or all of the service fee demanded by a bargaining agent is impermissible under 456 CMR 17.04(1).

"(2) Except for good cause shown, a charge challenging the amount of a service fee or its validity under 456 CMR 17.03 or 17.05 shall be filed within six (6) months after the bargaining agent has made a written demand for payment of the fee pursuant to 456 CMR 17.05.

"(3) A charge challenging the validity or amount of a service fee shall contain the following: (a) The full name(s) and address(es) of the individual(s) making the charge. (b) The full name and address of the bargaining agent against whom the charge is made. (c) The date the bargaining agent made a written demand for payment of the fee pursuant to 456 CMR 17.05. (d) The amount of the regular membership dues. (e) The amount of the service fee assessed by the bargaining agent, and the effective dates of the contract under which the fee was assessed. (f) If an employee is contesting the validity of the service fee under 456 CMR 17.03 or 17.05, a clear and concise statement of the reasons for the charge, including all relevant facts on which the charge is based. (g) If an employee is contesting the amount of the fee, a general statement of the reasons for the charge. (h) The signature(s) of the individual(s) making the charge or their representative. (i) A statement as to whether the charging party has used the bargaining agent's rebate procedure and the result of that procedure. (j) A declaration by the individual(s) making the charge, under the penalties of perjury, that its contents are true and correct to the best of their knowledge and belief."

puted fee into an escrow account, but may not require it to be paid to the organization until the commission has determined the permissible fee. Once the employee has brought a complaint, the burden of justifying the fee as permissible must rest on the organization." *Id.* at 85.

*So ordered.*