PAULINE M. TURNER *vs.* SCHOOL COMMITTEE OF
DEDHAM & others.[1]

No. 95-P-388.

Norfolk. June 5, 1996. - September 20, 1996.

Present: KASS, SMITH, & FLANNERY, JJ.

*School and School Committee,* Arbitration, Termination of employment.
  *Arbitration,* School committee. *Statute,* Construction.

A Superior Court judge correctly concluded that the provisions of G. L. c.
  71, § 42, as amended by St. 1993, c. 71, were applicable to require that
  a teacher with professional teacher status who was laid off pursuant to a
  reduction in force seek review of the decision through arbitration and
  that review in the Superior Court was not available. [356-358]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 29, 1994.

The case was heard by *Patrick F. Brady,* J., on a motion to
dismiss.

*Americo A. Salini, Jr.,* for the plaintiff.

*Edward F. Lenox, Jr.,* for the defendants.

SMITH, J. On or about June 7, 1994, John Raffa, principal
of the Riverdale School in Dedham, notified Pauline M.
Turner, a teacher at the school, that she was being laid off as
part of a reduction in force due to budgetary reasons.

At the time of her lay-off, Turner, according to her com-
plaint, was a teacher with professional teacher status under
the Education Reform Act of 1993 (ERA).[2] General Laws

---

[1]John Raffa, as he is the principal of Riverdale School, and Thomas J.
Curran, as he is the superintendent of schools in Dedham.

[2]According to G. L. c. 71, § 41, as amended by St. 1993, c. 71, § 43,
when a teacher "has served in the public schools of a school district for
three consecutive years . · . , [that teacher] shall be entitled to professional
teacher status. . . ." A teacher may also be granted this status after one
year, upon recommendation of his or her school principal.

c. 71, § 42, states, in relevant part: "[n]o teacher with professional teacher status shall be laid off pursuant to a reduction in force or reorganization if there is a teacher without such status for whose position the covered employee is currently certified." On or about June 17, 1994, Turner notified the defendants that they were violating that law because they laid her off while retaining teachers without professional teacher status for whose position she was currently certified.

On June 29, 1994, Turner filed an action in the Superior Court, under G. L. c. 231A, against the defendants. She sought a declaration that she had professional teacher status and requested that the school district be ordered to place her in one of the teaching positions for which she was currently certified and which she claimed was occupied by a teacher without professional teacher status. She also requested compensatory damages.

On September 21, 1994, the defendants filed a motion to dismiss Turner's complaint, pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), for failure to state a claim upon which relief could be granted. As the primary basis for their motion, the defendants asserted that Turner had failed to seek review of her dismissal by filing a petition for arbitration pursuant to G. L. c. 71, § 42, fourth par., as amended by St. 1993, c. 71, and that, under the amended statute, arbitration was the sole remedy for a teacher with professional teacher status who challenged the propriety of her termination.

After holding a hearing on the matter, a Superior Court judge entered an order declaring that arbitration is the sole remedy for teachers with professional status to challenge alleged wrongful termination. Judgment was entered dismissing Turner's complaint. After Turner was notified of the judge's decision, on November 9, 1994, she wrote to the motion judge requesting that he order her case remanded to arbitration in order to allow her to pursue the matter in that forum. Turner noted that a party wishing to file a petition for arbitration was required to do so within thirty days of receipt of the notice of dismissal and that the thirty-day period had already expired by the time of the court's decision. The defendants wrote to the judge opposing Turner's request. The judge denied the request and entered final judgment in favor of the defendants.

On appeal, Turner argues that the judge erred in ruling that, under G. L. c. 71, § 42, as amended, arbitration is the sole remedy for resolving disputes regarding a dismissed teacher with professional teacher status. She also claims that, after granting the defendants' motion to dismiss, the judge erred in refusing to order the case remanded for arbitration.

General Laws c. 71, § 42, as amended by St. 1993, c. 71, provides, in pertinent part:

> "[par. 3] A teacher with professional teacher status . . . shall not be dismissed except for inefficiency, incompetency, incapacity, conduct unbecoming a teacher, insubordination or failure on the part of the teacher to satisfy teacher performance standards . . . or other just cause.

> [par. 4] A teacher with professional teacher status may seek review of a dismissal decision within thirty days after receiving notice of his dismissal by filing a petition for arbitration with the commissioner.

> [par. 7] Neither this section nor section forty-one shall affect the right of a superintendent to lay off teachers pursuant to reductions in force or reorganization resulting from declining enrollment or other budgetary reasons. No teacher with professional teacher status shall be laid off pursuant to a reduction in force or reorganization if there is a teacher without such status for whose position the covered employee is currently certified."

Turner concedes that G. L. c. 71, § 42, as amended, calls for arbitration when teachers with professional teacher status are dismissed on performance grounds but argues that the amended statute does not exclude the resolution by the Superior Court of the questions (a) whether a teacher has professional teacher status and (b) if so, was he or she entitled to have her "bumping rights" put into effect.[3]

We analyze G. L. c. 71, § 42, as amended, "under the gen-

---

[3]Turner also makes an argument regarding the Legislature's substitution of "just cause" for "good cause" as the standard for an arbitrator to use in deciding whether to uphold a dismissal. She claims that her layoff for budgetary reasons totally apart from her performance does not lend itself to analysis under an arbitrator's "just cause" standard, and therefore, the

eral rule that 'a statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *McNeil* v. *Commissioner of Correction*, 417 Mass. 818, 821-822 (1994), quoting from *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975).

Prior to the enactment of the ERA in 1993, a teacher with tenure (similar to a teacher with professional teacher status in the amended statute) could challenge his or her dismissal by filing an action in the Superior Court pursuant to G. L. c. 71, § 43A, see *Haskell* v. *School Comm. of Framingham*, 17 Mass. App. Ct. 628 (1984)(teacher dismissed for budgetary reasons brought action against school committee under G. L. c. 71, § 43A), or by seeking a declaratory judgment pursuant to G. L. c. 231A, §§ 1 and 2, in the Superior Court, see *Farrington* v. *School Comm. of Cambridge*, 382 Mass. 324 (1981).

In 1993, however, the Legislature made major changes in regard to the manner in which dismissed teachers could challenge their termination. The Legislature repealed G. L. c. 71, § 43A, thereby taking away the right of teachers to challenge their dismissal by filing an action in the Superior Court.[4] (See St. 1993, c. 71, § 49). In its place, the Legislature specifically stated that "[a] teacher with professional teacher status may seek review of a dismissal decision . . . by filing a petition for arbitration. . . ." G. L. c. 71, § 42, fourth par., as amended. The decision of the Legislature to repeal G. L. c. 71, § 43A, and provide teachers with a mechanism for arbitrating their

Legislature could not have intended for economic layoffs to be examined by an arbitrator. We decline to adopt this reasoning.

In reviewing other administrative remedies provided by Massachusetts statutes for other categories of employees, such as civil service employees, we note that under G. L. c. 31, § 41, civil service employees are provided with a "just cause" standard which applies to economic as well as performance-based dismissals.

[4]The Legislature, however, allowed those teachers who had brought actions in the Superior Court, prior to the passage of the ERA, to continue their actions in that forum. See § 69 of St. 1993, c. 71.

dismissals, evinces an intent on its part to establish arbitration as the sole remedy for all dismissals.[5]

Turner argues, however, that it was not the Legislature's intent, in repealing G. L. c. 71, § 43A, and inserting arbitration as a mechanism to resolve disputes concerning teacher termination, to deprive a dismissed teacher whose status as a professional teacher is questioned, from filing a complaint in the Superior Court seeking a declaration that he or she has attained professional teacher status. We disagree with Turner's argument because such an action would result in a Superior Court judge having to first make a declaration as to the status of the dismissed teacher, and then, if the judge declares that the teacher has acquired that status, the matter being remanded for arbitration as to his or her "bumping rights." We do not think that the Legislature intended to establish two successive forms of review in two different forums for dismissed teachers with professional status.

Turner argues that if we affirm the Superior Court's decision that arbitration is the sole avenue for a teacher with professional teacher status to challenge her termination, we should remand the case for arbitration or order the Superior Court to retain jurisdiction. Because an order to the Superior Court to retain jurisdiction would be inconsistent with our ruling that the exclusive remedy lies with arbitration, such an order is inappropriate. However, a remand for arbitration is a fair disposition of this case.

The defendants claim that the case should not be sent to

---

[5]General Laws c. 71, § 42, sixth par., as amended, states, in relevant part, that "[u]pon a finding that the dismissal was improper under the standards set forth in this section, the arbitrator may award back pay, benefits, reinstatement, and any other appropriate non-financial relief or any combination thereof. Under no circumstances shall the arbitrator award punitive, consequential, or nominal damages, or compensatory damages other than back pay, benefits or reinstatement. . . . With the exception of other remedies provided by statute, *the remedies provided hereunder shall be the exclusive remedies available to teachers for wrongful termination* . . ." (emphasis added).

The defendants claim that the emphasized language reinforces their argument that arbitration is the exclusive remedy for teachers challenging their termination. We think that the phrase "exclusive remedies" refers to the type of awards that an arbitrator may make if he or she rules in favor of a dismissed teacher. Therefore, we do not rely on that argument in holding that arbitration is the sole remedy for a dismissed teacher who has achieved professional teacher status.

arbitration because the plaintiff, who was represented by counsel, missed the thirty-day deadline. They argue that if Turner was unsure as to which forum had jurisdiction of this case, she could have brought this action in Superior Court and at the same time filed for arbitration. Therefore, they believe that she should be precluded from getting a second chance at arbitration.

However, because Turner did file her complaint in Superior Court within thirty days, and her reliance on pre-ERA case law could be held to be reasonable, given that ERA jurisdictional questions have never been addressed by any appellate court, remand for arbitration seems logical and fair. Therefore, the "equities seem to favor giving (Turner) the opportunity to be heard before [an arbitrator]." *Whittier Regional Sch. Comm.* v. *Labor Relations Commn.*, 401 Mass. 560, 564 (1988).[6]

The judgment of the Superior Court judge that arbitration is the exclusive remedy for Turner is affirmed. The judgment shall be modified to include an order remanding the case to arbitration.

*So ordered.*

---

[6]Turner asserts that remand for arbitration is fair because the defendants purposely waited until after the thirty-day deadline had passed before expressing its position that arbitration was the exclusive remedy for the plaintiff. However, a review of the record demonstrates that the defendants are not at fault for her missing the deadline. The school district was not even served with Turner's complaint until July 21 or 22, 1994, which was already more than thirty days from the June 7 or 8, 1994, notice of dismissal.