Brassard, J.
Plaintiffs, Henry Owens (the “Administrator”), as special Administrator of the Estate of Catherine Calnan (the “decedent”), James Calnan, Sr., Paul Calnan, Ann Gilardi and Rosemary Parker (the “Calnans”), as siblings of the decedent, brought this action for the decedent’s wrongful death along with claims for conscious pain and suffering, negligence and intentional infliction of emotional distress. Defendant, Massachusetts Bay Transportation Authority (“MBTA"), moves for summary judgment arguing that the action’s commencement was outside the statute of limitations. Plaintiffs respond that their mailing of the complaint by pre-paid postage, return receipt requested, with a one hundred and eighty-five dollar (“$185.00”) filling fee, was sufficient to commence the action within the statute of limitations.
This court held a hearing on the defendant’s motion and, for the following reasons, allows that motion on count four of the plaintiffs complaint.
BACKGROUND
The undisputed material facts as established by the affidavits and exhibits are as follows:
On December 20, 1992, an MBTA train struck Catherine Calnan. Five days later Ms. Calnan died from injuries sustained in the crash. In early 1994, Plaintiffs Paul Calnan and Ann Gilardi retained attorney Daniel Gindes (“Gindes”) to represent them in contesting the decedent’s will. They claim that Rosemary Parker (“Parker”), another plaintiff in this action, forged the decedent’s will leaving all assets to Parker. Victor Tagliafero (“Tagliafero”), the administrator of the estate at the time, informed the Calnans that he would be responsible for pursuing the estate’s tort claims.
On December 20, 1994, the day the special MBTA statute of limitations on the tort claims expired, Taglifero had not filed any action apparently believing he had one more year to file. Gindes called Taglifero to check on the claims and Taglifero quickly engaged Gindes to file a tort action to preserve all the parties’ rights. Later that day, between 9 p.m. and 10 p.m., Gindes alleges that he drove the complaint with a $185.00 entry fee to the South Boston Postal Annex and mailed it to Clerk of the Middlesex Superior Court. Gindes mailed the complaint and entry fee by pre-paid postage, return receipt requested, but cannot find a copy of the return receipt.
On December 22, 1994, the Middlesex Civil Clerk’s Office forwarded the complaint and $185.00 fee back to Gindes requesting additional fees. The notice stated that the proper filing fee for five plaintiffs was $885.00 dollars. The complaint was finally entered on December 27, 1994.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party *697 to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 17 (1989). The court will not weigh evidence, assess credibility or find facts. The court may only consider undisputed material facts and apply them to the law. See Kelley v. Rossi, 395 Mass. 659, 663 (1985).
In the instant case, the MBTA’s motion for summary judgment rests on its view that the tardy filing of the complaint violated the statute of limitations.
G.L.c. 161A, §21 states: ”[t)he authority shall be liable in tort to .. . persons in the exercise of due care who are not passengers ... for personal injury and death . . . provided that any action . . . shall be commenced . . . within two years next after the date of injury which caused the death."
The MBTA’s position is that because the action’s filing occurred two years and seven days after the decedent’s injury, it was untimely as a matter of law. Concerning the December 22, 1994, additional fee request, the defendant asserts that (1) this does not evidence mailing within the two year statute of limitations; and (2) even if it did, the $185.00 entry fee was not proper to commence any action. Defendant relies on G.L.c. 161A, §21 and Rule 3 of the Massachusetts Rules of Civil Procedure requiring receipt of a complaint and proper filing fee before commencing an action.
In opposition to the defendant’s motion, the plaintiffs maintain that (1) the complaint was mailed, December 20, 1994, within the statutory window; and (2) that the $185.00 fee was sufficient to commence suit with respect to all or some of the counts.[3] They rely on various Massachusetts cases giving deference to plaintiffs’ good faith compliance efforts even without strict procedural adherence. See, e.g., Town of Brookline & Others v. Secretary of the Commonwealth, 417 Mass. 410 (1996) (plaintiff filled in the wrong court); Covell v. Department of Social Services, 42 Mass.App.Ct. 434, (1997) (clerk stamped the wrong date on complaint); Turner v. School Committee of Dedham & others, 41 Mass.App.Ct. 354, (1996) (after deadline for arbitration had passed Superior Court ruled arbitration was the only forum for redress).
Because the parties dispute the date the complaint was mailed, the critical task in this case is to determine if the $185.00 entry fee was sufficient to commence any action. Accordingly, the Court looks to Rule 3 of the Massachusetts Rules of Civil Procedure (the “Rules”) which states that a civil action is commenced by “mailing to the clerk ... a complaint and an entry fee prescribed by law.” Rule 20 effectively provides that those who join in asserting a right to recover jointly are assessed a single entry fee.
Rule 3 should be construed in light of Rule I which provides that the Rules “shall be construed to secure the just. . . determination of every action.” The spirit of the Rules favors decisions on the merits, not technicalities, unless the result would be prejudicial to the other party. Since the first three counts of the complaint assert a right to recover jointly, justice is served by construing Rule 3 and Rule 20 as allowing the $185.00 filing fee to commence the wrongful death action.[4]
As to count four of plaintiffs’ complaint, the undisputed facts require allowance of the defendant’s summary judgment motion. Count four pleads a claim of intentional infliction of emotional distress, a claim separate and distinct from the G.L.c. 161A, §21 wrongful death claims set fourth in the first three counts, Cimino v. Milford Keg, Inc., 385 Mass. 323, 334 (1982) (holding emotional distress is a distinct claim from wrongful death). Further, in count four all the plaintiffs, except for the administrator, incorrectly assert a right to recover jointly. Intentional infliction of emotional distress remedies each plaintiffs particular mental injury. Cimino, 385 Mass. at 334. Therefore, count four cannot support a single judgment for mültiple plaintiffs. Unlike the plaintiffs’ first three counts, here the proper entry fee, as a separate claim for individual legal relief, requires the per-plaintiff rate. Mass.R.Civ.P. 20(a). The Clerk could not properly file the action because the addition of count four required a fee well over the $185.00 forwarded. Accordingly, as a matter of law, the $185.00 dollar fee was insufficient for that count.
ORDER
For the foregoing reasons, it is ORDERED that defendant’s motion for summary judgment
(1) is DENIED, with respect to counts one, two and three;
(2) is ALLOWED with respect to count four.

 Alternatively, the plaintiffs argue that even if the action is considered untimely it should be allowed based on G.L.c. 260, §32, “the savings statute.” The statute provides in part: “[i]f an action duly commenced within the time limited in this chapter is dismissed for insufficient service of process by reason of . . . any matter of form . . . the plaintiff . . . may commence a new action for the same cause within one year after the dismissal." The plaintiffs assert that because untimely commencement of an action is a matter of form, dismissal is inappropriate. However, the statute specifically refers to actions “dismissed for insufficient service of process” not for untimeliness. Also, in Krasnow v. Allen, 29 Mass.App.Ct. 562, 566 (1990), the Massachusetts Appeals Court held that failure to provide defendant with notice of a claim being made against him within the limitations period is a matter of substance rather than form. Further, as noted in Ciampa v. Beverly Airport Comm'n, 38 Mass, App. Ct. 974 *698 (1995), the tolling provisions of G.L.c. 260 have no application to actions authorized by other statutes which have their own limitations period.

 Plaintiffs’ complaint contains four counts. In count one, plaintiffs Victor J. Tagliaferro, special Administrator of the Estate of Catherine Calnan, Ann Gilardi, Paul Calnan, James Calnan Sr. and Rosemary Parker jointly demand judgment against the MBTA for wrongful death. In count two, plaintiffs Victor J. Tagliaferro, special Administrator of the Estate of Catherine Calnan, Ann Gilardi, Paul Calnan, James Calnan Sr. and Rosemary Parker jointly demand judgment against the MBTA for the conscious pain and suffering of Catherine Calnan. In count three, plaintiffs Victor J. Tagliaferro, special Administrator of the Estate of Catherine Calnan, Ann Gilardi, Paul Calnan, James Calnan Sr. and Rosemary Parker jointly demand judgment against the MBTA for negligence. However, in count four, only plaintiffs Ann Gilardi, Paul Calnan, James Calnan Sr. and Rosemary Parker joined to demand judgment for the MBTA’s intentional infliction of emotional distress upon Ann Gilardi and Paul Calnan concerning the decedent’s death. Plaintiffs’ claims do not seek equitable relief.