ANNE LYONS & another[1] *vs.* SCHOOL COMMITTEE OF DEDHAM
& another.[2]

Suffolk. May 8, 2003. - September 3, 2003.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Arbitration,* Authority of arbitrator, Judicial review, School committee. *School and School Committee,* Arbitration, Professional teacher status.

This court concluded that the decision of a Superior Court judge vacating an arbitration award and remanding the case to the original arbitrators to determine a remedy was ripe for appellate review, where the judge did not direct a rehearing, and where requiring additional proceedings would needlessly frustrate the administration of justice. [78]

A Superior Court judge improperly vacated an arbitration award which had held that two teachers were ineligible for "professional teacher" status, and therefore were not entitled under G. L. c. 71, § 42, to displace teachers without such status, where the arbitrators' award did not violate public policy, and where the arbitrators were not statutorily precluded from deciding a dispute concerning "bumping rights," which cannot affect the superintendent's discretion to reduce the number of teachers. [78-81]

Where arbitrators had the authority to hear a dispute regarding professional teacher status, this court declined to decide whether the arbitrators correctly applied the law to the facts of the case and did not reach arguments that lacked merit. [81-82]

CIVIL ACTION commenced in the Superior Court Department on August 26, 1998.

The case was heard by *Vieri Volterra,* J., on a motion to vacate a joint arbitration award.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Edward F. Lenox, Jr.,* for the defendants.

*Americo A. Salini, Jr.,* for the plaintiffs.

IRELAND, J. The defendants, the school committee of Dedham and superintendent of Dedham schools, appealed from a

---

[1] Pauline Turner.

[2] Superintendent of schools of Dedham.

Superior Court judge's decision to vacate an arbitration award, which had held that the plaintiffs, two instructors for a federally funded program, were not "teachers" eligible for "professional teacher status," and therefore were not entitled under G. L. c. 71, § 42, seventh par., to displace teachers without such status. The Appeals Court, in an unpublished memorandum and order under its rule 1:28, modified and affirmed on other grounds the Superior Court judgment and remanded the case for a determination of remedy. *Lyons* v. *School Comm. of Dedham*, 56 Mass. App. Ct. 1113 (2002). We granted the defendants' application for further appellate review. Because we conclude that there were no proper grounds for vacating the arbitration award, we vacate the judgment entered in the Superior Court, and order that judgment be entered confirming the arbitration award pursuant to G. L. c. 150C, § 11 (*d*).

We summarize the relevant undisputed facts and lengthy procedural history. The plaintiffs, Anne Lyons and Pauline Turner, were both employed as "Chapter I teachers" in the Dedham public schools. "Chapter I" is a federally funded program that provides supplemental instruction to low achieving elementary and middle school students. To that end, Chapter I teachers work with small groups of designated students in reading and mathematics.

Each Chapter I teacher is required to have a bachelor's degree in education, a Massachusetts Department of Education certification as a teacher, a separate certification in reading, and at least two years of classroom teaching experience. It is undisputed that Turner and Lyons both had the requisite qualifications. Turner was certified in elementary education. She was an elementary school teacher from September, 1956, through the end of the 1963 school year, when she "took time off to raise her family." In the fall of 1985, she began substitute teaching, and was hired as a Chapter I teacher in Dedham in January, 1986. Except for a brief period in 1986, Turner was employed as a Chapter I teacher until she was laid off in 1994 due to budget cuts. Lyons was certified in elementary education, as well as in English and social studies (for grades seven through twelve). She taught junior high school English for two years starting in 1960. After that, she stopped teaching, acquired

a master's degree in education, and raised her family. In 1980, Lyons was hired as a Chapter I teacher, and worked in that capacity until she was laid off in 1995, also due to a reduction in funding.

When Turner was notified that she would be laid off, she informed the superintendent that she had "professional teacher status" (formerly known as tenure)[3] and that she intended to displace or "bump" an elementary classroom teacher who did not have such status. See G. L. c. 71, § 42, seventh par. (teacher with professional teacher status "shall [not] be laid off pursuant to a reduction in force or reorganization if there is a teacher without such status for whose position the covered employee is currently certified"). The superintendent declined to recognize that Turner had professional teacher status. Turner filed a complaint in the Superior Court claiming the defendants violated her statutory "bumping rights." A Superior Court judge dismissed the complaint in 1994, concluding that Turner's sole remedy under the statute was arbitration. Turner appealed, and the Appeals Court affirmed and ordered that the case be remanded to arbitration. *Turner* v. *School Comm. of Dedham*, 41 Mass. App. Ct. 354 (1996).

Meanwhile, in 1995, Lyons received notification that she would be laid off at the end of the school year, due to budget reductions. Lyons informed the superintendent that she intended to exercise her "bumping rights," but he refused to recognize her status. Lyons filed for arbitration to resolve her claim.

Turner and Lyons had separate arbitration proceedings. After each had completed four days of hearings, the parties agreed that the arbitrators would confer and issue a joint decision. In July, 1998, the arbitrators concluded that Turner and Lyons were not "teachers" within the meaning of G. L. c. 71, §§ 41 and 42, and therefore did not have "professional teacher status,"

---

[3] Among other things, the Education Reform Act of 1993, St. 1993, c. 71, replaced the concept of "tenure" with "professional teacher status." St. 1993, c. 71, § 43. Professional teacher status is granted to "a teacher, school librarian, school adjustment counselor, school social worker or school psychologist who has served in the public schools of a school district for the three previous consecutive school years." G. L. c. 71, § 41, first par. It is undisputed that both Lyons and Turner served in the Dedham school district for the requisite period.

or the privileges associated with such status. In reaching their decision, the arbitrators compared the qualifications and characteristics of Chapter I teachers with those of teachers in the "Unit A" collective bargaining unit, which included classroom teachers.[4] The arbitrators concluded that "[w]hile there are some similarities between Chapter I teachers and a variety of Unit A positions, on balance the jobs have been, and are, very different." In particular, the arbitrators considered differences in the hiring process, evaluation procedures, salary structure, duties and responsibilities, and collective bargaining units.

Turner and Lyons filed a complaint in the Superior Court to vacate the joint arbitration award and for a declaration that they were "teachers" pursuant to G. L. c. 71, §§ 41 and 42. A judge in the Superior Court vacated the arbitration award pursuant to G. L. c. 150C, § 11 (*a*) (3), because he concluded that the award violated public policy. In an amended judgment, the judge remanded the case to the original arbitrators to determine an appropriate remedy. This appeal followed.

1. The arbitrators' decision is "subject to judicial review as provided in [G. L. c. 150C]" (relative to collectively bargained agreements to arbitrate). G. L. c. 71, § 42, sixth par. General Laws c. 150C, § 11 (*a*), authorizes a judge to vacate an arbitrator's award only in limited circumstances. "This court has consistently acknowledged that '[o]ur review of an arbitrator's award is limited in scope.' " *Higher Educ. Coordinating Council/Roxbury Community College* v. *Massachusetts Teachers' Ass'n/Mass. Community College Council*, 423 Mass. 23, 27 (1996), quoting *School Comm. of Holbrook* v. *Holbrook Educ. Ass'n*, 395 Mass. 651, 654 (1985). "Th[is] policy of limited judicial review is reflective of the strong public policy favoring arbitration . . . ." *Plymouth-Carver Regional School Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). The only potential grounds for vacating the award in this case is G. L. c. 150C, § 11 (*a*) (3), which applies when "the arbitrators exceed[] their powers or render[] an award

---

[4]According to the arbitrators' decision, the "Unit A" collective bargaining unit included "regular and special education teachers" as well as "specialists" in reading for grades six through eight, art, music, and physical education.

requiring a person to commit an act or engage in conduct prohibited by state or federal law."

2. As a preliminary matter, we reject the plaintiffs' argument that this case is not ripe for appellate review. General Laws c. 150C, § 16, authorizes six circumstances in which a party may appeal from a court order pertaining to arbitration proceedings. See *School Comm. of Agawam* v. *Agawam Educ. Ass'n*, 371 Mass. 845, 846 (1977). Clause (5) authorizes appeals from a judge's "order vacating an award without directing a rehearing." G. L. c. 150C, § 16 (5). Here, the Superior Court judge ordered the arbitrators' award to be vacated, declared that the plaintiffs were teachers entitled to exercise statutory bumping rights, and remanded the case "to the original arbitrators" to determine a remedy. Although the judge opined that "further arbitration proceedings [were] necessary to determine an appropriate remedy," he did not "direct[] a rehearing." Thus, we conclude that this appeal is proper under G. L. c. 150C, § 16 (5). Contrast *Suffolk County Sheriff's Dep't* v. *AFSCME Council 93, AFL-CIO, Local 1134*, 50 Mass. App. Ct. 473, 474 (2000) (dismissing appeal from judgment that vacated arbitration award and ordered a rehearing before a new arbitrator). In support of our conclusion, we note that the purpose underlying G. L. c. 150C, § 16, which is that arbitration should proceed without interruption from an appeal, see *School Comm. of Agawam* v. *Agawam Educ. Ass'n, supra* at 847-848, would not be served if this case were remanded to determine an appropriate remedy. Moreover, because we conclude that it was error to vacate the award, it would "needlessly frustrate the administration of justice," *Commonwealth* v. *Chatfield-Taylor*, 399 Mass. 1, 3 (1987), to require additional proceedings.

3. A judge should allow a motion to vacate an arbitration award if the arbitrator did not have authority to resolve the dispute. See G. L. c. 150C, § 11 (*a*) (3) (judge shall vacate award if "the arbitrators exceeded their powers"). See also *Higher Educ. Coordinating Council/Roxbury Community College* v. *Massachusetts Teachers' Ass'n/Massachusetts Community College Council, supra* at 27, and cases cited. The plaintiffs initially argued, and the Superior Court concluded, that the arbitrators' award violated public policy. As an alterna-

tive ground, the plaintiffs contend that the arbitrators were statutorily precluded from deciding this dispute. We address each of these arguments in turn.

a. An arbitration award that offends public policy "is beyond the arbitrator's powers and is therefore subject to vacation under G. L. c. 150C, § 11 (*a*) (3)." *Massachusetts Highway Dep't* v. *American Fed'n of State, County & Mun. Employees, Council 93*, 420 Mass. 13, 16 (1995). "[B]ecause the public policy 'doctrine allows courts to by-pass the normal heavy deference accorded to arbitration awards and potentially to "judicialize" the arbitration process, the judiciary must be cautious about overruling an arbitration award on the ground that it conflicts with public policy.' " *Bureau of Special Investigations* v. *Coalition of Pub. Safety*, 430 Mass. 601, 604 (2000), quoting *E. I. DuPont de Nemours & Co.* v. *Grasselli Employees Indep. Ass'n of E. Chicago*, 790 F.2d 611, 615 (7th Cir.), cert. denied, 479 U.S. 853 (1986).

The Superior Court judge's conclusion that the arbitration award violated public policy was clearly erroneous. The sole reason for his conclusion was his determination that the award "clearly ignore[d] the law as stated in *Brophy* v. *School Comm. of Worcester*, 6 Mass. App. Ct. 731 (1978)" (applicability of tenure to "long term substitutes" and "federal programs" teachers). An alleged error of law is not a violation of public policy. See *Bureau of Special Investigations* v. *Coalition of Pub. Safety, supra* at 604-605 (delineating prerequisites for public policy exception), and cases cited. Nor is an error of law a permissible basis for vacating an arbitration award. *Concerned Minority Educators of Worcester* v. *School Comm. of Worcester*, 392 Mass. 184, 187-188 (1984). It is well settled that "[w]e do not, and cannot, pass on an arbitrator's alleged errors of law . . . ." *Id.* at 187, and cases cited.

b. The plaintiffs alternatively argue that the arbitrators did not have jurisdiction over their dispute because G. L. c. 71, § 42, reserves such determinations to a judge.[5] In support of this contention, the plaintiffs rely on *School Comm. of Westport* v.

---

[5] In its unpublished memorandum upholding the Superior Court judge's order to vacate the arbitration award, the Appeals Court concluded that arbitrators lack authority to arbitrate disputes concerning "bumping rights" under

*Coelho*, 44 Mass. App. Ct. 614 (1998), and *Ballotte* v. *Worcester*, 51 Mass. App. Ct. 728 (2001).[6] Those cases are distinguishable and inapplicable in these circumstances. In the *Coelho* case, the Appeals Court concluded that teachers who were laid off for budgetary reasons, and who were not the subjects of performance based dismissals, could not challenge their *layoffs* in an arbitration proceeding. *School Comm. of Westport* v. *Coelho, supra* at 618-619. In reaching this conclusion, the Appeals Court noted that G. L. c. 71, § 42, "precludes the application of any provision of [§§ 41 or] 42 that would 'affect the right of a superintendent to lay off teachers' for the specified [budgetary] reasons." *Id.* at 618, quoting G. L. c. 71, § 42, seventh par. The court reasoned that an arbitrator ruling on the propriety of a layoff "could void the superintendent's action" and thereby infringe on the superintendent's discretion to lay off teachers for economic reasons. *Id.* at 618-619. In the *Ballotte* case, the Appeals Court concluded that a teacher laid off for economic reasons could sue her employer in the Superior Court for alleged violations of her rights under G. L. c. 71, §§ 41 and 42. *Ballotte* v. *Worcester, supra* at 731. In that case, the Appeals Court reasoned that nothing "prevents [the plaintiff] from pursuing her statutory claims in Superior Court." *Id.*

---

G. L. c. 71, § 42. However, because Turner's case was ordered by the court to arbitration, the Appeals Court found that the arbitrators' decision was not, "strictly speaking . . . 'beyond the scope of their authority.' " Nevertheless, it stated that a confirmation of the arbitrators' award would "compound the error of forcing Turner to arbitration, and unjustly deprive her of the judicial determination of her status that she sought and to which she was entitled under § 42." The court further reasoned that given the circumstances of the case, it was unnecessary to distinguish Lyons's situation, even though Lyons never sought a judicial determination prior to arbitration. Because we conclude that the arbitrators had jurisdiction to decide this dispute, we need not address these conclusions.

[6]Both *School Comm. of Westport* v. *Coelho*, 44 Mass. App. Ct. 614 (1998), and *Ballotte* v. *Worcester*, 51 Mass. App. Ct. 728 (2001), were decided after *Turner* v. *School Comm. of Dedham*, 41 Mass. App. Ct. 354 (1996). The *Coelho* case, however, was decided before the joint arbitration award was issued. Ironically, the defendants contacted the arbitrators to express concern that, pursuant to *Coelho*'s reasoning, the arbitrators did not have jurisdiction. The arbitrators rejected this argument, concluding that Lyons and Turner's claims "concern the employee's right to bump under the statute, not the [e]mployer's right to lay off." As discussed below, we are of the same view as to the distinction between *Coelho* and the present case.

The plaintiffs in this case have not challenged the propriety of the underlying decision to lay them off for economic reasons. Rather, they allege that the defendants violated their statutory right to displace teachers without professional teacher status. Neither the language of the statute nor the cases discussed above preclude an arbitrator from considering whether a properly laid-off instructor has statutory bumping rights. See G. L. c. 71, §§ 41 and 42. An arbitrator's determination of bumping rights cannot, and does not, affect the superintendent's discretion to reduce the number of teachers.

4. The plaintiffs contend that even if the arbitrators had authority to hear this dispute, the judiciary is responsible for independently determining whether Lyons and Turner are teachers under G. L. c. 71, §§ 41 and 42. See *School Dist. of Beverly* v. *Geller*, 435 Mass. 223, 230 (2001) (Cordy, J., concurring) ("the responsibility for interpreting the meaning of G. L. c. 71, § 42, and the scope of the arbitrator's authority thereunder remains with the court"). They further posit that anyone certified to teach is a "teacher," and that their certificates suffice to obtain a judicial declaration of their status as "teachers" for purposes of G. L. c. 71, § 41, first par.

General Laws c. 71 does not define "teacher" in the context of delineating who is eligible for "professional teacher status." See G. L. c. 71, § 41, first par. ("For the purposes of this section, a *teacher* . . . who has served in the public schools . . . shall be entitled to professional teacher status"). Prior to the passage of the Education Reform Act, St. 1993, c. 71, § 43, the Appeals Court considered, among other things, whether teachers in federally funded programs were entitled to tenure under G. L. c. 71, § 41, as amended through St. 1973, c. 847, § 6. *Brophy* v. *School Comm. of Worcester*, 6 Mass. App. Ct. 731, 737 (1978). In that case, the court evaluated "the conditions of employment" and "the functions of teachers holding those positions," and concluded that those teachers were sufficiently analogous to "regular" teachers. *Id.* Thus, the court concluded that those federally funded program teachers were entitled to tenure pursuant to the statute. *Id.*

The Education Reform Act made a number of changes to the education statutes. See, e.g., *School Comm. of Pittsfield* v. *United*

*Educators of Pittsfield*, 438 Mass. 753, 759-760 (2003) (describing its major features). Although it replaced the concept of "tenure" with that of "professional teacher status," see note 3, *supra*, it did not change or modify the term "teacher" as it is used in that context. Compare G. L. c. 71, § 41, as amended through St. 1990, c. 404, § 2 ("[e]very school committee, in electing *a teacher* who has served in its public schools for the three previous consecutive school years, shall employ him to serve at its discretion . . ."), with St. 1993, c. 71, § 43 ("*a teacher* . . . who has served in the public schools of a school district for three consecutive years . . . shall be entitled to professional teacher status"). We are not persuaded that the Legislature intended to alter the analysis of a person's status as a teacher, as that word is used in G. L. c. 71, § 41, to establish professional teacher status. Therefore, we reject the plaintiffs' contention that the only relevant inquiry in these circumstances is whether a person is certified to teach.

In determining whether Lyons and Turner were teachers, the arbitrators analyzed the plaintiffs' "conditions of employment" and "functions." See *Brophy* v. *School Comm. of Worcester*, *supra*. Because we conclude that the arbitrators had the authority to determine whether Lyons and Turner were teachers, we need not determine whether the arbitrators correctly applied the law to the facts of this case. See *School Comm. of Waltham* v. *Waltham Educators Ass'n*, 398 Mass. 703, 705 (1986), citing *Trustees of the Boston & Me. Corp.* v. *Massachusetts Bay Transp. Auth.*, 363 Mass. 386, 391 (1973) ("arbitrator's award may not be vacated on either" an "error of law or . . . of fact"). See also *Goncalo* v. *School Comm. of Fall River*, 55 Mass. App. Ct. 7, 10 (2002) ("judge properly refused to vacate" arbitrator's ruling that teacher did not have professional teacher status as it was a ruling of law not subject to judicial review). Similarly, because the plaintiffs' case was fully decided by the arbitrators, we need not reach the plaintiffs' other arguments, which in any event have no merit.

5. For the above stated reasons, we hold that no grounds exist for vacating the present arbitration award under G. L. c. 150C, § 11 (*a*). We therefore vacate the judgment of the Superior

Court, and order that judgment be entered confirming the arbitration award.

*So ordered.*